In re Charles Francis BRADY, Debtor.

Bankruptcy No. 580–991.

United States Bankruptcy Court,
N. D. Ohio.

June 16, 1982.

John R. Pullen, Akron, Ohio, for debtor.

Harold Corzin, Akron, Ohio, Trustee.

Harold Corzin, Akron, Ohio, for Trustee.

H. F. WHITE, Bankruptcy Judge.

On June 4, 1982 a hearing was held upon the Trustee's report and application for fees, the application for fees as filed by the attorney for the Trustee, and the application for fees as filed by the attorney for the debtor.

Due notice of said hearing was given to all creditors as required by law. On the 20th day of May 1982, an objection to the fee application of the attorney for the debtor, John R. Pullen, was filed by the Trustee, Harold A. Corzin.

The Trustee based his objection upon the fact that the fee application lacked an itemization of the services rendered. The Trustee further objected as the services rendered were not of aid in the administration of the estate or beneficial to the estate. The Trustee also objected to any payment by the estate. He indicated he was familiar with the present financial circumstances of the said debtor and this led him to the conclusion that the debtor had the necessary economic capability to pay for the legal services rendered in these proceedings and that counsel should not seek compensation from the estate which would reduce the dividends available to creditors.

The Court finds that there is $1,697.75 remaining in the estate. Of this amount, $331.75 was received from the sale of the common stock of Firestone Tire & Rubber Company and 14 shares of General Tire & Rubber Company common stock. Four Hundred Dollars was received from the debtor's compromise of his interest in an automobile. One Thousand Dollars was received from the compromise of the debtor's

unexempt interest in household furnishings. The sum of $34.00 was disbursed to Merrill, Lynch, Pierce, Fenner & Smith, Inc. for brokerage fees and $148.88 will be disbursed to the debtor's wife for her one-half interest in the stock.

Counsel for the debtor attached to his fee application a statement indicating a charge of $450.00 for services rendered regarding the bankruptcy including a conference with his client regarding the filing of the petition and schedules and attending the First Meeting of Creditors and attendance at the discharge hearing. He indicates he has been paid the sum of $100.00 and that there is a balance due of $350.00.

The debtor's attorney also indicates an additional charge of $500.00 for additional bankruptcy services performed, being the amendment of the schedules, hearings and correspondence with the Trustee, correspondence with the plaintiff on civil suits, preparing answers, and three appearances and pre-trial hearings regarding the dischargeability complaint filed by Avco Financial Services.

The Court sustained the Trustee's initial objection to the fee application in that the debtor's attorney had failed to itemize his services. The Trustee presented no evidence to support his position that because of the economic condition of the debtor, he could pay out of his current income for the legal services rendered in the bankruptcy proceedings.

The bankruptcy petition did indicate that the debtor had been engaged in business; that his income in 1978 and 1979 was approximately $23,000.00; that he was a sales-manager for Active Tire Stores, Inc.; and that most of the debts discharged, which amount to $114,923.13, were incurred while he was operating a business called Summit Bandag, Inc., which was also in bankruptcy.

His secured debts amounted to $58,854.61, the principal amount being for real estate located at 580 San Moritz Drive, Akron, Ohio. However, Schedule B–1 does not indicate who was the owner of the real estate, neither does Schedule A–2 indicate who is the present owner of the property.

At the hearing, counsel for the debtor offered no evidence as to the economic condition of his client; however, he indicated that he had only been paid $100.00 and there was a balance due of $350.00 for services rendered in the filing of the bankruptcy petition and asked to be allowed to file an itemization of the services rendered and further indicated that services were rendered after the filing of the petition in bankruptcy. The Court granted said request by agreement of the Trustee.

On June 8, 1982, attorney Pullen filed an amended statement in which he indicated the additional services were for amending Schedule A, A–2, A–3, and B–4; however, the records indicate that the only schedules amended were A–1 to include the City of Cuyahoga Falls for income tax in the amount of $2,000.00, Schedule A–3 to include dates, and the exemptions on Schedule B–4. He also indicated that some of the services were in obtaining information for the Trustee to negotiate the settlement of the household goods and car redemption. The Court agrees with the Trustee that these services were not of benefit to the estate as they were settlements of the debtor's interest in the property.

There was no indication of the time spent and dates when the services were rendered in regard to the four law suits pending in the Municipal Court. However, it appears to the Court that the debtor's creditors were notified of the proceedings and under 11 U.S.C. § 362(a)(1)–(2) the creditors would be automatically stayed from proceeding against the debtor. There was no explanation as to why it was necessary to file an answer in these matters.

The three pre-trials attended were due to an objection to discharge filed by Avco Financial Services. Again, there is no itemization as to the services rendered or the dates. There was also a further claim for services rendered based upon numerous telephone calls and letters to the Trustee and the Trustee's attorney and the debtor's attorney in bankruptcy case No. 580–550. Again, there was no itemization of the

amount of time spent or the date the services were rendered.

The Court has reviewed the current Bankruptcy Code and finds nothing in said Code that provides that because of the present economic status of the debtor after the filing of the bankruptcy, the debtor should be required to pay for legal services rendered prior and during the bankruptcy proceedings. The Code is clear that under the allowance of administrative expenses under 11 U.S.C. § 503(b)(2) the attorney for the debtor is entitled to payment for legal services rendered and for his necessary expenses that were allowed under 11 U.S.C. Section 330. See 3 Collier on Bankruptcy 15th ed., Section 503.04(2) at page 503–25. Under the prior law, Court approval was not necessary for the appointment of the attorney for the debtor in a liquidation case and the Court was authorized to award the debtor's attorney reasonable compensation for legal services rendered by the attorney for the debtor. Congress in enacting the new Bankruptcy Code clearly indicates that this procedure should be followed when they enacted 11 U.S.C. § 330 "Compensation of officers." See 2 Collier on Bankruptcy, 15 ed., Section 327.07 at 327–32 "Employment of an Attorney by the Debtor". To rule otherwise would deprive the debtor of legal counsel in bankruptcy proceedings and would deny the debtor of the opportunity to avail himself of the rights that are granted to him under the Code and could lead to those practices which Congress intended to eliminate when it enacted 11 U.S.C. Section 329. Furthermore, to require the debtor to pay these pre-bankruptcy obligations out of assets which were acquired after the bankruptcy would jeopardize the debtor's right to a fresh start.

Therefore, the Court concludes that the attorney for the debtor is entitled to be paid a legal fee for the initial filing of the petition in bankruptcy out of the assets in this estate. The current charge for filing a voluntary petition in bankruptcy by general practitioners is between $350.00 and $500.00 in a simple no asset case. The case before this Court is not a simple case and involves a substantial amount of assets and debts. Therefore, a charge of $450.00 is extremely reasonable and in reviewing the necessary amendment to the schedules, the Court finds that the amendment was not necessitated by any fault of the attorney in the preparation of the initial petition.

Therefore the Court finds that the attorney for the debtor should be allowed the sum of $500.00 for filing the initial petition, less the sum of $100.00 previously paid, leaving a balance to be paid out of the estate of $400.00.

This Finding and Order is based upon the evidence presented and the law and is not meant to deprive the attorney of his right to bill his client for services rendered in the post-bankruptcy proceeding which are not entitled to be paid out of the proceeds of the bankruptcy estate. However, said billing must comply with the provisions of 11 U.S.C. § 329 and Rule of Bankruptcy Procedure 220(b).

THEREFORE IT IS ORDERED that the attorney for the debtor, John Pullen, is hereby allowed an attorney fee in the amount of $500.00, less the sum of $100.00 previously paid, leaving a balance to be paid out of the estate of $400.00.