**In the Matter of Harold R. HUNT, aka Harold Richard Hunt, aka H. Richard Hunt, Debtor.**

**Bankruptcy No. B83–00718–Y.**

United States Bankruptcy Court, N.D. Ohio.

April 17, 1986.

James H. Beck, Canfield, Ohio, for debtor.

### ORDER ON MOTION FOR ALLOWANCE OF ADDITIONAL FEES FOR ATTORNEY FOR DEBTOR

WILLIAM T. BODOH, Bankruptcy Judge.

This matter came on for consideration upon the Application of counsel for Debtor for allowance of fees and expenses for professional services rendered to Debtor in these Chapter 7 proceedings.

This Chapter 7 case was filed on July 12, 1983. The schedules stated that there was Forty-Three Thousand, Three Hundred Sixty-Six & 41/100 Dollars ($43,366.41) in secured debt and One Hundred Forty-Three Thousand, Three Hundred Forty-Three & 61/100 Dollars ($143,343.61) in unsecured debt. At the time of the filing of the Petition, counsel filed with the Court a disclosure statement required by former Bankruptcy Rule 219(b), then in effect. The statement disclosed that Debtor had paid One Thousand, Five Hundred & 00/100 Dollars ($1,500.00) to counsel as compensation for services rendered with respect to the analysis of Debtor's financial affairs, preparation and filing of the bankruptcy petition, schedules, and statement of affairs, and representation of Debtor at the First Meeting of Creditors at the dis-

charge hearing. The statement specifically disclosed that the fee did not include services rendered with regard to any adversary proceedings or reaffirmation agreements. Debtor was discharged on August 28, 1984.

Subsequent to Debtor's discharge, counsel filed the instant Motion seeking approval of fees in the amount of Nine Thousand, One Hundred Eighty-Seven & 50/100 Dollars ($9,187.50), less the One Thousand, Five Hundred & 00/100 Dollar ($1,500.00) deposit advanced, plus expenses in the amount of Two Hundred Fifty-Seven & 75/100 Dollars ($257.75), for a total amount requested of Seven Thousand, Nine Hundred Forty-Five & 25/100 Dollars ($7,945.25). The Court postponed hearing on the Motion until the Trustee filed his final account on February 7, 1986. A hearing was held on this fee application on March 27, 1986, at which time counsel for Debtor appeared. No other parties appeared or objected in writing to the application.

Attached to the application is a statement of services rendered by date, attorney performing the service, nature of the services rendered, and time spent on each item. A review of this breakdown shows that 31.5 hours, or Three Thousand, Six Hundred Thirty-One & 32/100 Dollars ($3,631.32) of the total amount requested, were spent in connection with the preparation and filing of the petition and schedules, and attendance at the Section 341 Meeting of Creditors and the discharge hearing. Counsel has conceded at the hearing that this time spent was covered by the original One Thousand, Five Hundred & 00/100 Dollar ($1,500.00) fee paid and that he is not seeking approval of these times or amounts by the Court. For that reason, Three Thousand, Six Hundred Thirty-One & 32/100 Dollars ($3,631.32) of the total amount requested is disallowed. This amount may not be paid from the estate, nor may counsel bill his client for this amount.

The breakdown indicates that the remainder of the time for which fees are requested was spent in connection with various reaffirmation agreements, the allowance of exemptions, redemption of personal property, and an adversary proceeding initiated by the Trustee objecting to the discharge of Debtor. It is the request for payment for these services which raises the issue whether these matters are appropriately a subject of an application to this Court, or are they, rather, to be billed to the client? If they should be billed to the client, to what extent is counsel required to disclose the billing to the Court and to what extent and under what circumstances does the Court have an obligation to review that billing?

■ It is clear to us that the items for which compensation is being sought are not appropriately the subject of an application before the Court. 11 U.S.C. Sec. 330 states:

> (a) After notice and a hearing ..., the Court may award to ... the debtor's attorney—
>
> (1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this Title; and
>
> (2) reimbursement for actual, necessary expenses.

It is well-established in the Sixth Circuit, as in a majority of the other Circuits, that services which are personal to the Debtor and which do not benefit the estate are not compensable from the estate. *Cle-Ware Industries, Inc. v. Sokolsky (In re Cle-Ware Industries, Inc.),* 493 F.2d. 863 (6th Cir.1974); *In re Ezell,* 45 B.R. 13 (Bankr.M.D.Tenn.1984); *In Re Rhoten,* 44 B.R. 741 (Bankr.M.D.Tenn.1984); *In re Epstein,* 39 B.R. 938 (Bankr.D.N.M.1984); *In re Zweig,* 35 B.R. 37 (Bankr.N.D.Ga.1983); *In re Brady,* 20 B.R. 936 (Bankr.N.D.Oh.1982). If the services are not compensable from the estate, the debtor is personally liable for the reasonable value of such services. *Conrad v. Pender,* 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933); *In re Brady,*

*supra; In re Dawson,* 446 F.Supp. 196 (E.D.Mo.1978); *In re Hogen,* 4 B.C.D. 156 (Bankr.C.D.Ca.1978); *In re Mann,* 4 B.C.D. 514 (Bankr.S.D.Texas 1978). This approach furthers the "fresh start" objective of the Bankruptcy Code "while not putting the full burden of the debtor's legal expenses on the estate and, consequently, the creditors." *In re Zweig, supra* at 38.

 The authority of the Bankruptcy Court to review compensation is a traditional power of the Court and is essential to avoid overreaching by a debtor's attorney. *In re Steeves,* 3 B.R. 334 (Bankr.D.R.I. 1980). Thus, even in cases where services performed are not appropriately the subject of a fee application under Section 330, counsel nonetheless has a duty to disclose to the Court, under 11 U.S.C. Sec. 329, the amount of compensation paid or agreed to be paid in connection with the bankruptcy proceedings. 11 U.S.C. Sec. 329(a). Upon the request of a party in interest, or upon its own initiative, the Court will examine the fee arrangement between the parties and may order the return of any such payment or cancel any such agreement for payment if the compensation exceeds the reasonable value of such services. 11 U.S.C. Sec. 329(b); Bankruptcy Rule 2017(b). In cases such as this where counsel seeks payment of additional fees after disclosing to the Court the payment of an initial fee in the case, counsel has a duty to disclose to the Court his or her intention to bill the client for additional services rendered and the amount of such billing. *In re Brady, supra.*

 We are satisfied that counsel has complied with the requirements of the Bankruptcy Code. The One Thousand, Five Hundred & 00/100 Dollar ($1,500.00) fee paid by Debtor at the outset of this case is hereby approved and, correspondingly, Three Thousand, Six Hundred Thirty-One & 32/100 Dollars ($3,631.32) of the total amount requested is disallowed. Approval of the remaining amount requested is not necessary or appropriate at this time. Because counsel has complied with the pro-

visions of Section 329, he may bill his client as he sees appropriate.

**IT IS SO ORDERED.**