**In re James Edward BROWN, Roxanne Brown, Debtors.**

**Bankruptcy No. 2–85–01443.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 19, 1987.

Thomas C. Scott, Columbus, Ohio, trustee.

William A. Semons, Columbus, Ohio, for debtors.

## ORDER DENYING APPLICATION FOR ALLOWANCE OF ATTORNEY FEES AS ADMINISTRATIVE EXPENSE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an application, filed by James and Roxanne Brown, the debtors in this Chapter 7 case. The application seeks allowance of an administrative claim in the amount of $750 for attorney fees for services relating to their bankruptcy case. That application was opposed by Thomas C. Scott, the duly-appointed trustee ("Trustee"), and was heard by the Court.

The facts in this matter are uncontested. On May 15, 1985 the debtors filed a Chapter 7 bankruptcy case with this Court. The statement disclosing fees promised to their attorney for services in their case indicated that a fee of $550 was to be charged for the bankruptcy legal services of William E. Semons of the firm of Laskey & Semons, and that none of that amount had been paid by the debtors prior to the filing of their case. The debtors paid their attorney the $550 agreed-upon compensation during the pendency of the case.

The bankruptcy estate contains an asset which the Trustee collected and continues to administer. Because of the nature of that asset and because of the Trustee's investigation of possible fraudulent transfers, the debtors required further services from their attorney for which an additional $200 in fees was charged. That $200 fee remains unpaid. The legal issue before the Court is whether the debtors may be repaid from this estate, as administrative claimants, for the sums they paid to their attorney from their post-petition earnings. Their attorney argues that he could have been paid from the estate had the debtors not paid directly and, therefore, the debtors should not be penalized for paying their attorney fees. As stated previously, the additional $200 charged for unanticipated services performed during the case remains unpaid and, accordingly, the application should request on behalf of the debtors only the $550 they have paid to date.

The Trustee objects to the debtors' asserted administrative claim on the basis that the relevant portions of 11 U.S.C. § 330 authorize payment from the estate only to a professional person or to the debtor's attorney. The Trustee also questions the form of the request.

■ The Court notes certain difficulties with the debtors' request. The requirements of 11 U.S.C. § 503(b) and judicial interpretations clearly indicate that even where the request for payment of fees properly comes from the attorney pursuant to 11 U.S.C. § 503(b)(2), such request is subject to strict scrutiny and is allowable only for services which directly benefit the estate rather than those services advancing only the interests of the debtor. *In re Schaeffer*, 71 B.R. 559 (Bankr.S.D.Ohio 1987); *In re Rhoten*, 44 B.R. 741 (Bankr.M.D.Tenn.1984). Liability for services of personal benefit properly remains with the debtors. *In the Matter of Hunt*, 59 B.R. 842 (Bankr.N.D.Ohio 1986). This is especially important in this Chapter 7 case where the debtors seek the benefit of a discharge at the same time they are attempting to exempt as much of their property as possible from liquidation and distribution to their creditors.

■ The strict scrutiny normally given to such requests is further heightened in a case such as this where cursory examination of the Court's file reveals that the only asset is the Trustee's recovery, pursuant to a settlement, of a portion of a preferential payment allegedly made by the debtors to

an insider. This estate will be diminished by the necessary administrative costs to recover the settlement value attributable to that transfer as well as by the value of the property transferred in excess of the settlement amount. To decrease that estate further by permitting the debtors to recover reimbursement for their attorney fees appears inappropriate in this case, absent compelling authority for such action.

At one point in this case the Trustee requested that the debtors' discharge be withheld for their failure to cooperate with his efforts to investigate a potential fraudulent transfer. Efforts necessitated by that uncooperative behavior increased the need for legal services which did not benefit the estate. In fact, the itemization of services attached to the debtors' request indicates very few tasks which directly benefitted the estate rather than merely assisted the debtors in their pursuit of a discharge. Specifically, as set forth in the application, only about three (3) hours of legal services appear to be related to enabling the debtors to meet administrative duties imposed upon them by the Bankruptcy Code.

■ Apart from the inappropriateness of the services for which compensation is requested, the Court finds that the debtors should not, by paying their legal expenses, be able automatically to step into the shoes of their attorney and assert a claim for those fees as an administrative expense. Sections 503(b)(2) and 330 of Title 11 United States Code are very specific in authorizing payment only to a "trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney." It is not only the nature of the claim which is given priority, but the statute specifies the person to whom the claim is payable. The cross reference in § 507(a)(1) to § 503(b) and its reference to § 330 also compel this result.

In addition to concern about the statutory authorization for such subrogation, the Court's duties in the allowance of attorney fees pursuant to 11 U.S.C. § 503(b)(2) presume its ability to approve the requested fees prior to their payment. That ability is not retained in the situation where the debtors pay their attorney's fees and then seek reimbursement from the Court. It is also unlikely that the necessary itemization of the attorney's time would be before the Court at the time such an application would be made.

■ Even if all procedural requirements could be met through the cooperation of the debtors' attorney, the Court finds that its authority to award a reasonable fee to the debtors' attorney in a Chapter 7 case is derived from a concern that the attorney not be uncompensated for his services if such services meet the tests of benefit to the estate, reasonableness in amount, and professional competence. Indeed, at least two courts have indicated that power to compensate a debtors' attorney from the bankruptcy estate depends upon the inability of the debtor to otherwise pay the required fee. *In re Schaeffer,* 71 B.R. 559, 561 (Bankr.S.D.Ohio 1987) [quoting *In re Vlachos,* 61 B.R. 473, 482 (Bankr.S.D.Ohio 1986)].

Finally, even if such an administrative claim could be assigned and allowed to the debtors as assignees, 11 U.S.C. § 330 gives the Court discretion as to whether such an award will be made. In this case the Court will not exercise such discretion.

■ Absent authorization under § 503(b)(2), the only other relevant basis for allowance of debtors' attorney fees as an administrative expense would be as "actual, necessary costs and expenses of preserving the estate" pursuant to 11 U.S.C. § 503(b)(1)(A). However, under § 503(b)(1)(A) the same difficulty arises with regard to the nature of the services for which reimbursement is sought as exists for priority claims for professional compensation under § 503(b)(2). While the Court will not find that such an application could never be granted, the burden upon the claimant would be heavy in a Chapter 7 bankruptcy case. That burden has not been met in this case.

Based upon the foregoing, the debtors' application for an allowed administrative

claim for reimbursement of certain attorney fees paid post-petition, should be, and the same is, hereby, DENIED.

IT IS SO ORDERED.