**In re Bernard and Kathleen LEFF, Debtors.**

**Bankruptcy No. 387–34998–SAF–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 17, 1988.

---

Robert M. Nicoud, Jr., Dallas, Tex., for debtors.

Christopher J. Moser, Dallas, Tex., trustee.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

On January 4, 1988, the court held a hearing on the Chapter 7 trustee's motion to determine the reasonableness of a pre-petition retainer the debtors Bernard and Kathleen Leff gave to their attorney. The trustee and the Leffs were represented by counsel at the hearing. After entertaining argument by counsel, the court took the motion under advisement. The Leffs filed a post-hearing letter brief. In a February 19, 1988, opinion, the court concluded that the pre-petition retainer had to be reduced because it was property of the Chapter 7 estate and could not be used to pay the Leffs' attorney ("counsel") to defend the Leffs against a dischargeability complaint. Counsel moved the court for relief from this order under Bankruptcy Rule 9024. He argues that the court failed to consider the effect of 11 U.S.C. § 541(a)(3) on its holding that a pre-petition retainer is property of the estate. The trustee argued that Rule 9024 cannot be used to raise legal arguments that could have been presented on a Bankruptcy Rule 9023 motion or on direct appeal. Because of the effect of the court's ruling on a debtor's ability to retain counsel with pre-petition assets to defend dischargeability complaints, the court vacated its prior opinion to consider the issue raised by counsel. This memorandum opinion and order contains the court's findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

## FACTS:

On September 23, 1987, the Leffs filed a voluntary Chapter 7 petition. Pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2016(b), counsel filed a disclosure of compensation statement in which he disclosed that he was given $17,387.25 by the Leffs as a pre-petition retainer. He also disclosed that the retainer was paid "out of wage earnings." In his motion, the trustee contends that this retainer is excessive, especially since this is a no-asset case.

Counsel states that the retainer is intended to cover not only the work he performs in administering this Chapter 7 case but also the fees he incurs in defending the Leffs against a complaint which objects to the Leffs' discharge. He contends that since this is a no-asset case, the retainer is his only source of compensation. He argues that it would be premature to determine the reasonableness of the retainer. Rather, counsel suggests that the court should make this determination after the Chapter 7 case is closed and after the dischargeability complaint has been resolved.

## DISCUSSION:

A bankruptcy court is obligated, on its own motion, or on the motion of any interested party, to examine the compensation given or agreed to be given to a debtor's attorney. *In re Wright,* 48 B.R. 172, 173 (Bankr.E.D.N.C.1985); *see In re Riggin,* 40 B.R. 458, 460 (Bankr.D.Md.1984); *In re Nu–Process Industries, Inc.,* 13 B.R. 136, 137 (Bankr.E.D.Mich.1981). If the compensation exceeds the reasonable value

of the attorney's services, the court may require counsel to turnover the excess portion to the debtor's estate if the compensation was paid out of nonexempt property or funds. 11 U.S.C. § 329(b); Bankr.R. 2017.

Counsel concedes that the court has a duty to examine the reasonableness of the compensation he receives from the debtors and that the court has the power to require him to return any payments he receives that exceed reasonable compensation for his services. Counsel contends, however, that pursuant to § 541(a)(3), a pre-petition retainer is not property of the debtor's estate until the court orders the attorney to return any excess payments he has received. Section 541(a)(3) states that a debtor's bankruptcy estate includes "[a]ny interest in property that the trustee recovers under section 329(b)." 11 U.S.C. § 541(a)(3). Section 329(b) entitles the court to direct an attorney to return compensation that he has received which exceeds the reasonable value of his services. Counsel argues that when a debtor gives his attorney a pre-petition retainer, the money becomes the attorney's property once it is received by the attorney and that this money does not become property of the estate until the court directs the attorney to turn over any excessive payments. He contends that because a pre-petition retainer is not property of the estate, reasonable compensation includes dischargeability litigation and, therefore, the court should not judge the reasonableness of his retainer until the discharge litigation is completed. Counsel incorrectly relies on § 541(a)(3) for the proposition that a pre-petition retainer in Texas is not property of the debtor's estate.

The Bankruptcy Code provides that a debtor's estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Congress intended for this section to be construed broadly. *Wilson v. United Savings of Texas (In re Missionary Baptist Foundation of America, Inc.),* 792 F.2d 502, 504 (5th Cir.1986). "[T]he legislative intent behind the current Bankruptcy Code is that § 541(a)(1) 'includes every conceivable interest of the debtor in the estate.'" *World Communications, Inc. v. Direct Marketing Guaranty Trust (In re World Communications, Inc.),* 72 B.R. 498, 500 (D. Utah 1987). Although federal law determines what is property of the estate, state law governs the debtor's interest in the property in question. *California v. Farmers Market, Inc. (In re Farmers Market, Inc.),* 792 F.2d 1400, 1402 (9th Cir.1986); *N.S. Garrott & Sons v. Union Planters National Bank of Memphis (In re N.S. Garrott & Sons),* 772 F.2d 462, 466 (8th Cir.1985). Accordingly, the court must look initially to what interest the Leffs had in the money under Texas law at the time they filed their bankruptcy petition. *See Maiona v. Vassilowitch (In re Vassilowitch),* 72 B.R. 803, 805 (Bankr.D.Mass.1987).

■ Texas Disciplinary Rule 9–102 requires attorneys to place refundable retainers into trust accounts. *See* Ethics Opinion 391 (February 1978), reprinted in 46 Texas Bar Journal, p. 322–25 (April 1978). In Texas, a beneficiary of a trust has an equitable interest in property placed into a trust. Counsel states that he placed the retainer funds into a trust account. Accordingly, the Leffs had an equitable interest in the retainer funds at the time they filed their bankruptcy petition. This equitable interest makes § 541(a)(3) inapplicable since that section applies only where the debtor has not retained an interest in the transferred property. In addition, this equitable interest is sufficient to make the retainer property of the Leffs' bankruptcy estate. *See First Wisconsin National Bank of Madison v. Stiennon (In re Stiennon),* 73 B.R. 905, 906 (Bankr.W.D.Wis. 1987); 11 U.S.C. § 541(d). This conclusion is consistent with the general rule that pre-petition retainers are property of the estate. *See In re Independent Sales Corp.,* 73 B.R. 772, 774–75 (Bankr.S.D.Iowa 1987); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 572 (Bankr.N.D.Tex. 1986) (quoting *In re Kinderhaus,* 58 B.R. 94, 97 (Bankr.D.Minn.1986)).

Counsel contends that the Leffs' equitable interest in the retainer is limited to the right to have any excess portion re-

turned to them. The court recognizes that authority exists to support an argument that only the Leffs' contingent reversionary interest in the money deposited in the trust account, and not the money itself, is property of the estate. *See In re Palm Beach Heights Development & Sales Corp.*, 52 B.R. 181, 183 (Bankr.S.D.Fla. 1985). The court's review of the applicable law, however, convinces it that the entire retainer is property of the estate.

In *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), the Internal Revenue Service ("IRS") seized the debtor's property to satisfy the debtor's federal tax deficiency. Anticipating that the IRS would promptly sell the property, the debtor filed a Chapter 11 petition. The Supreme Court held that the debtor was entitled to have this property returned to its estate under § 542. The Court noted that ownership of property seized by the IRS is not transferred until the property is sold to a bona fide purchaser at a tax sale. 462 U.S. at 211, 103 S.Ct. at 2316. Because the debtor's property was *not sold prior* to the bankruptcy filing, the Court concluded that the debtor retained an interest in the property which was sufficient to entitle the debtor to have the property turned over to its estate.

In *Whiting Pools*, the Government argued that the debtor's limited interest in the property should not have entitled the debtor to have the property turned over to its estate. Rather, the Government contended that only the debtor's limited interest in the property was property of the debtor's estate. *See* Comment, *The Outer Limits of Section 542 of the Bankruptcy Code: United States v. Whiting Pools, Inc., Revisited*, 7 Cardozo L.Rev. 935, 944–45 (1986). The Supreme Court did not directly address this argument. However, by requiring the IRS to turnover the property in its entirety, the Court implicitly rejected this argument. A footnote to the Court's opinion reveals its rationale.

"Section 541(a)(1) speaks in terms of the debtor's 'interests ... in property,' rather than property in which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title. See 124 Cong.Rec. 32399, 32417 (1978) (remarks of Rep. Edwards); *id.*, at 33999, 34016–34017 (remarks of Sen. De-Concini); *cf.* § 541(d) (property in which debtor holds legal but not equitable title, such as a mortgage in which debtor retained legal title to service or to supervise servicing of mortgage, becomes part of estate only to extent of legal title); 124 Cong.Rec. 33999 (1978) (remarks of Sen. DeConcini) (§ 541(d) "reiterates the general principle that where the debtor holds bare legal title without any equitable interest, ... the estate acquires bare legal title without any equitable interest in the property"). Similar statements to the effect that § 541(a)(1) does not expand the rights of the debtor in the hands of the estate were made in the context of describing the principle that the estate succeeds to no more or greater causes of action against third parties than those held by the debtor. See H.R. Rep. No. 95–595, pp. 367–368 (1977). These statements do not limit the ability of a trustee to regain possession of property in which the debtor had equitable as well as legal title."

462 U.S. at 204–05 n. 8, 103 S.Ct. at 2313 n. 8. *Whiting Pools* instructs that if a debtor has more than a "minimal" equitable interest in the property in question, the property in its entirety is property of the debtor's estate. *See* 7 Cardozo L.Rev. at 953.

■ Counsel for a Chapter 7 debtor is entitled to compensation from the debtor's estate only for services that benefit the estate. *In re Howerton*, 23 B.R. 58, 59 (Bankr.N.D.Tex.1982); *In re Schaeffer*, 71 B.R. 559, 560–61 (Bankr.S.D.Ohio 1987). Specifically, a Chapter 7 debtor's counsel is entitled to compensation from the estate " 'for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition [and required schedules and statements]; and representing the debtor at the Section 341 meeting

of creditors.' " *In re Tabala,* 48 B.R. 871, 873 (S.D.N.Y.1985) (quoting *In re Olen,* 15 B.R. 750, 752 (Bankr.E.D.Mich.1981)); *see In re Kirlan,* 55 B.R. 105 (Bankr.S.D.Fla. 1985); *In re Riverview Financial Services, Inc.,* 67 B.R. 714, 715 (Bankr.E.D.Mich. 1986). The general view, however, is that " ' "the work involved is often largely clerical or more in the nature of an accountant's work and warrants but a small fee for covering the true professional services." ' " *Tabala,* 48 B.R. at 873 (quoting *Olen,* 15 B.R. at 752). Although this list of compensable tasks is not exclusive, counsel for a Chapter 7 debtor may not be compensated from the estate for other services unless he shows that his services benefitted the estate. *See In re Taylor,* 66 B.R. 390, 394–97 (Bankr.W.D.Pa.1986); *In re Hunt,* 59 B.R. 842, 843–44 (Bankr.N.D.Ohio 1986).

■ Conversely, a Chapter 7 debtor's counsel is not entitled to compensation from the debtor's estate for services that benefit the debtor personally but that do not benefit the estate. *Soteres v. Scroggins (In re Orbit Liquor Store),* 439 F.2d 1351, 1354 (5th Cir.1971); 2 Collier on Bankruptcy § 330.04, 330–22 to 23 (15th ed. 1987); *In re Brown,* 82 B.R. 869, 870 (Bankr.S.D.Ohio 1987); *In re Rhoten,* 44 B.R. 741, 743 (Bankr.M.D.Tenn.1984). Based on this distinction, in a case decided under the Bankruptcy Act of 1898, the Fifth Circuit held that "attorney's fees related to defending against objections to the discharge are not payable out of the estate," because the services benefit only the debtor, not the estate. *In re Jones,* 665 F.2d 60 (5th Cir.1982). This is the majority rule in cases decided under the Code. *In re Weingarden,* 84 B.R. 691, 692 (Bankr.S. D.Cal.1988); *In re Ryan,* 82 B.R. 929, 933 (N.D.Ill.1987); *In re Cleveland,* 80 B.R. 204, 205 (Bankr.S.D.Cal.1987); *In re Vlachos,* 61 B.R. 473, 482–83 (Bankr.S.D.Ohio 1986); *In re Moore,* 57 B.R. 270, 271 (Bankr.W.D.Okla.1986); *In re Epstein,* 39 B.R. 938, 941 (Bankr.D.N.M.1984); *contra In re Deihl,* 80 B.R. 1, 2 (Bankr.D.Me. 1987). A Chapter 7 debtor's counsel must look to the debtor's exempt property and post-petition earnings to be compensated for such services. *See In re Ellrich,* 81 B.R. 132, 134 (Bankr.S.D.Fla.1987). "This approach furthers the 'fresh start' objective of the Bankruptcy Code 'while not putting the full burden of the debtor's legal expenses on the estate and, consequently, the creditors.' " *Hunt,* 59 B.R. at 844 (quoting *In re Zweig,* 35 B.R. 37, 38 (Bankr.N.D.Ga.1983)).

■ Counsel is not entitled to compensation from the Leffs' bankruptcy estate for services rendered to the Leffs in defending against the dischargeability complaint. Because the funds counsel received from the Leffs as a retainer are property of the Leffs' bankruptcy estate, the portion of the retainer that does not constitute reasonable compensation for administering the Leffs' estate must be tendered to the Chapter 7 trustee. Since the Leffs' estate has not been closed, the court must approximate a reasonable attorney's fee. Taking into account that this is a no-asset case, the court finds that a reasonable retainer for this case is $3,000. Counsel shall give the excess portion of the retainer to the Chapter 7 trustee.

Upon the foregoing reasons, IT IS ORDERED that counsel for the debtors shall forward the sum of $14,387.25 to the Chapter 7 trustee within 10 days from the entry of this order.