**In re Sadrudin U. PIRANI, Debtor.**

**Bankruptcy No. 95–41959–S.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Feb. 16, 1999.

**892**

Carol Wolfram, McGary & Wolfram, P.C., Dallas, TX, for debtors.

*MEMORANDUM OPINION ON FINAL APPLICATION BY ATTORNEYS FOR DEBTOR FOR ALLOWANCE OF COMPENSATION OF FEES AND REIMBURSEMENT OF EXPENSES*

DONALD R. SHARP, Chief Judge.

NOW before the Court for consideration is the Final Application by Attorneys for Debtor for Allowance of Compensation of Fees and Reimbursement of Expenses ("Application") filed by McGary & Wolfram, P.C. ("Applicant"), counsel for the Debtor, in this bankruptcy case.

*FACTS*

The Debtor initiated this proceeding by the filing of a voluntary petition under Chapter 13 of Title 11 of the United States Code § 101, et seq. Prior to the filing of the petition, Debtor served as a director or managing director of numerous entities including Austin Pacific Hotels, Inc. Austin Pacific Hotels, Inc., operated a hotel in Austin, Texas which is the subject of a Chapter 11 bankruptcy proceeding in the Western District of Texas. Other business involvements of the Debtor are apparently the subject of numerous lawsuits that were pending in both the United States and Canada prior to the filing. According to the Application, the Debtor agreed to pay Applicant an initial retainer of $1,500 for the administration of this case and $150/hr

for contested matters. According to the Application, Applicant was paid the amount of $900 as a pre-petition retainer which included the Debtor's filing fee of $160. The Debtor's Third Amended Chapter 13 Plan of Reorganization was confirmed January 7, 1997. Under the Debtor's confirmed plan of reorganization, the unsecured creditors of this estate are expected to receive 9.58% payment on their claims.

Applicant filed the Application before the Court requesting that this Court approve payment to it of fees in the amount of $11,085 and reimbursement of expenses in the amount of $557.78 for its services in the administration of this Chapter 13 case.

DISCUSSION

■ Pursuant to 11 U.S.C. § 330(a)(4)(B), "In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Section 330(a)(1) permits payment as an expense of administration of "reasonable" compensation to the "debtor's attorney" for "actual, necessary services" and reimbursement of said attorney's "actual, necessary expenses." *In re Office Products of America, Inc.,* 136 B.R. 964, 969 (Bkrtcy.W.D.Tex.1992) citing to 11 U.S.C. §§ 330(a), 503(b)(1)(A), etc. See also *In re Dawson,* 180 B.R. 478 (Bkrtcy.E.D.Tex. 1994). The Bankruptcy Court for the Western District of Texas refines the interpretation respecting whether necessity should be viewed from the vantage point of the debtor or the estate; it notes that the Code "authorizes professional fees to be paid out of the estate as an administrative expense, i.e., an expense associated with the administration of *the estate.*" *In re Office Products of America, Inc.,* 136 B.R. 964, 973 n. 6. (Bkrtcy.W.D.Tex.1992).

The Court has broad discretion when determining the reasonableness of a fee application. *In re Anderson,* 936 F.2d 199, 204 (5th Cir.1991).

■ Under Local Rule of Bankruptcy Procedure 2016(e)(2), if a Chapter 13 Debtor's attorney requests more than $2000 for pre-petition and post-petition services, the attorney must file an application which complies with subparagraph (a) of this local rule, which the Applicant has done. Although no objections to the Application were filed, the Court has reviewed the Application and the description of services provided to the Debtor by the Applicant in this case considering the factors set forth in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). The Court has also reviewed the record in this case and is of the opinion that the Application should be approved in part and denied in part.

This case involved resolution of a number of claims in excess of that typically seen in a Chapter 13 proceeding in this Court; however, most were of a similar type and a uniform agreement respecting them was reached.

Applicant's unusual efforts in the prosecution of this bankruptcy case involved participation in litigation in a Canadian court of law as well as involvement on the Debtor's behalf in a pending Chapter 11 proceeding in the Western District of Texas. According to the Application, Applicant spent more than 8.5 hours in connection with the Canadian class action suit conducting "negotiations", preparing and submitting pleadings "on the issues of the nature of the relief afforded the Debtor through the Chapter 13 bankruptcy process" and in discussions with Canadian counsel and witnesses.

There is insufficient information in the pleadings upon which the Court would be able to quantify the extent to which Applicant's participation in the Canadian lawsuit and in the Chapter 11 proceeding in the Western District of Texas inured to the benefit of this estate, although there is some indication that there was some benefit to the estate in the reduction of claims arising out of the Chapter 11 proceeding. Based upon the limited information before the Court, services provided in connection with the Canadian class action suit appear to have been of no benefit to the estate and of questionable benefit to the debtor. The record reveals that the settlement of the disputed Canadian claims relied upon a Deloitte and Touche, Inc. report, which is in the record by reference only. The Schedules and Statement of Financial Affairs filed by the Debtor reveal that the lawsuits in Canada were pending at the time of the filing for relief under Title 11 and any action in the U.S. would be stayed as to the Debtor, individually, by his filing. No judgments had been entered in connection therewith. As a result, there were no liquidated claims against this estate arising out of those matters. There is no explanation as to why the claims in both forums could not have simply been listed and discharged in this proceeding.

The Court has reviewed the expenses requested and finds that they appear to be reasonable and necessary in amount and nature and should be allowed.

■ The rate of $150/hr. for an attorney is within the range generally allowable for a case of this size and complexity in this District and will be allowed here. Based on the size and complexity of the case, the Court will allow a maximum rate of up to $50/hr. for paralegals. However, Debtor's counsel does not appear to have delegated any tasks to a paralegal or lower billing professional. The Court will not allow compensation in instances where the services performed by the professional are in the nature of overhead or could be performed by a non-billing or lower billing professional. Accordingly, the Court has reduced the fees sought for such tasks as faxing, filing documents with the court, obtaining copies, mailings and preparing

letters to the clerk of the court and certificates of service.[1]

 The Court will not allow compensation in instances of duplication of effort and when the amount of time spent to perform a task is excessive given the value to the estate of such task.[2] Professionals are encouraged to do what is necessary to wrap up a case in an efficient fashion, and discouraged from trying to confer benefits that are not really necessary. *In re Office Products of America, Inc.*, 136 B.R. 964, 973 (Bkrtcy.W.D.Tex.1992). Certain portions of time have been reduced for this reason, but not completely disallowed.

## CONCLUSION

The Court is of the opinion that certain hours of the total 98.3 hours spent by Applicant are properly compensable as the type of services performed in the ordinary administration of a Chapter 13 case as contemplated under Rule 2016(e) and that certain hours of the total hours spent by Applicant are properly compensable as services that although specific to the needs of the Debtor in this case, and not typical in a Chapter 13 proceeding, nonetheless inured to the benefit of the estate. However, Applicant has failed to provide the court with sufficient information upon which it can determine that *all* of the time spent was both reasonable and necessary or inured to the benefit of the estate as opposed to merely exercising the debtor's legal rights i.e. negotiations in a class action suit, involvement in the Chapter 11 case in the Western District of Texas and research required with respect to foreign bankruptcy proceedings.[3]

For the foregoing reasons, it is

ORDERED, ADJUDGED AND DECREED that the Application be GRANTED fees in the amount of $6,262.50 for professional services and $557.78 as reimbursement for costs and expenses, for a **TOTAL AWARD of $6,820.28,** including amounts previously paid to Applicant as a retainer and under the Plan of Reorganization.

---

1. The Court has made adjustments to the time entries for the following dates in 1995; 9–26 and 10–18. Adjustments to time entries in 1996 are; 4–23, 5–22, 7–23, 7–31, 8–8, 8–26, 9–3, 9–23, 10–1, 10–2, 10–4, and 11–26.

2. Adjustments to time entries in 1996 are; 2–28, 3–6, 3–27, 7–19, and 8–8.

3. Adjustments have been made to time entries in 1996 as follows: 1–29, 2–9, 2–26, 5–22, 8–27, 9–6, 9–18, 9–20, 11–1, and 11–5.