## In re PALM BEACH HEIGHTS DEVELOPMENT & SALES CORP., Debtor.

**Bankruptcy No. 85–00520–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

July 25, 1985.

---

Samuel L. Heller, P.A., Fort Lauderdale, Fla., Daniel H. James, James and Young, West Palm Beach, Fla., Willard C. Wheeler, Jupiter, Fla., for Movants-Trust Beneficiaries.

Thomas A. Bell, Tallahassee, Fla., for Florida Division Land Sales, etc.

Noreen Dreyer, Stuart, Fla., for Martin County.

Lawrence M. Schantz, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for debtor.

## ORDER GRANTING STAY RELIEF AND DENYING TRANSFER OF FUNDS

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard upon the motion of Orville R. Cester, et als. and the State of Florida for stay relief and the motion of Palm Beach Heights Development & Sales Corp. and affiliated companies, (hereinafter referred to as "debtor"), to transfer funds. The court held evidentiary hearings on May 9, May 23, and June 12, 1985. After having taken evidence, having taken judicial notice, having heard argument of counsel, and being otherwise fully advised in the premises, the court makes the following:

## FINDINGS OF FACT

1. The debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on March 12, 1985.

2. The debtor in approximately 1960 began the business of retail installment land sales in Palm Beach and Martin Counties, Florida selling land called Palm Beach Heights.

3. The debtor began development and sale of home sites wherein the debtor promised improvements to the land contract purchasers. These improvements included the installation of roads and drainage canals.

4. The individual contracts provided that all of the improvements would be completed on or before December 1, 1972.

5. The debtor entered into an improvement trust agreement with the Florida Division of Land Sales which required the debtor to post certain sums in an investment/improvement trust account, out of the control of the debtor, which sums would be available to assure the installation of the roads and the drainage canals.

6. The completion of the roads never took place and the drainage canals were never completed.

7. The land or most of the land which was sold to various contract buyers by the debtor is now classified as wet lands or is adjacent to wet lands and the original plan for improvements cannot be completed.

8. The contract buyers did not get that for which they bargained.

9. The contracts provide remedies to the buyers in such a circumstance as follows:

13. If seller fails to meet any of his obligations under this agreement.... (a) buyer may exchange this property for any other property of similar value in a similarly desirable location, or (b) seller will refund all payments made by the buyer under this agreement.

10. The Department of Business Regulation Division of Land Sales began action against the debtor to acquire the improve-

ment trust account on deposit with City National Bank of Miami, presently in the amount of approximately $12,600,000, for the benefit of the land buyers who number in the thousands. The Department of Land Sales claims it has the sole authority and discretion to use said fund for the benefit of the purchasers in accordance with chapter 498 *Fla.Stat.* and applicable regulations promulgated by the Division which are part of the Florida administrative code. At the time of the filing of petition for relief by the debtor, the issue of what is to be done with the fund remained in dispute, but there is no issue as to the intention of the Florida Legislature or its intent in regard to the duty of the Division of Land Sales.

(3) It is therefore the intent of the Legislature to provide safeguards regulating the financial operations entered into by companies and persons regulated under the provisions of the Florida Uniform Land Sales Practices Law, thus preventing unsound financing techniques which could detrimentally affect not only remote land purchasers, but also the land sales industry, the public, and the state's economic well-being. *Fla.Stat.* § 498.-003(3).

11. It is the position of the contract buyers or some of them that the funds on deposit in the improvement trust account should be divided pro rata among them and to that end a class action was commenced in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. Twice, the Circuit Court has certified a class and the matter in that court is presently on amended pleadings pending a third attempt to certify a class and stayed by 11 U.S.C. § 362.

12. The debtor submits that the $12,-600,000 on deposit with City National Bank in the improvement trust account is property of the estate within the meaning of 11 U.S.C. § 542 and that the court should order turnover of the $12,600,000 to the debtor. The debtor plans to use the money for operations, administrative expense and to fund a plan of reorganization.

## CONCLUSIONS OF LAW

The court concludes that:

1. The $12,600,000 is not property of the estate within the meaning of § 542. Said fund is a trust or escrow to assure the completion of the road and drainage improvements on the property and only upon completion of the improvements, would debtor have any interest in the fund. Any claim, contingency or chose in action against the trust fund is the property of the estate but the fund itself is not. The debtor may not have any part of said fund until such time as the debtor establishes that all prior claims in the fund have been paid and that a residuum remains to which it is entitled. This issue is a non-core matter which can best be heard in state court. It appears that under any determination, the residual of the fund to which debtor's interest might attach, will be a minute or non-existent amount of money.

The court disagrees with the debtor's analysis and points to Judge Paskay's recent decision, *In re Chick Smith Ford, Inc.*, 46 B.R. 515, 518 (Bankr.M.D.Fla. 1985).

The proposition urged by the Debtor misses the mark. There is no doubt that Congress enacting § 542 contemplated a turnover to the estate of properties primarily tangible properties and monies which were due to the estate without dispute which are fully matured and payable on demand. See, *In re Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). It is clear that what Congress intended was to facilitate the administration of the estates, especially estates in reorganization cases by permitting a Debtor to obtain funds immediately necessary for survival; funds which were not in dispute, but which were only subject to a possible setoff under § 553 of the Code.

2. State law applies relative to certification of the class and when a class is again certified as has occurred on two prior occasions, then the rights of that class to

this fund can be determined promptly and efficiently in state court along with the position of the Division of Land Sales and the claim of debtor to the residual, if any.

Accordingly, it is ORDERED that:

1. Stay relief is granted to the plaintiffs in Palm Beach County Circuit Court Case No. 78 2283 CA(L) 01C to proceed to final judgment in that case.

2. The court finds that the improvement trust account is not property of the estate. The motion to transfer the $12,600,000 improvement trust account from City National Bank to the debtor-in-possession is denied.