**In re MOUNT CLAIRE, INC., Debtor.**

**Marika TOLZ, Trustee, Plaintiff,**

**v.**

**Honorable Robert E. LOCKWOOD, et al., Defendants.**

Bankruptcy No. 90–29764–BKC–AJC. Adv. No. 91–0173–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 22, 1991.

James M. Henderson, Ft. Lauderdale, Fla., for Golden Bagel Deli, Inc.

Kevin C. Gleason, Carter Kinsey & Gleason, P.A., Hollywood, Fla., for Marika Tolz, trustee.

ORDER DENYING TRUSTEE'S MOTION FOR INJUNCTION AND TURNOVER OF REGISTRY FUNDS

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on before the Court on March 18, 1991, upon the Trustee's motion for injunctive relief against Robert E. Lockwood, Clerk of the Circuit Court in and for Broward County (Lockwood), and Golden Bagel Deli, Inc. (GBD), a Florida corporation.

FINDINGS OF FACT

Golden Bagel Deli is the sublessor of certain real property located at Store No. 37, Palm Springs Plaza, 10299 Royal Palm Boulevard, Coral Springs, Florida (Premises). GBD subleased the Premises to Mount Claire, Inc. (Debtor).

On July 6, 1990, GBD filed a civil action in the County Court of Broward County, Case No. 90–10760, seeking to evict the Debtor for failure to pay rent and to recover past-due rent.

On August 3, 1990, Judge Leonard Stafford entered an order directing the Debtor to deposit with Robert Lockwood, the Clerk of the Court, the following funds (Registry Funds):

1. all past due rents, which amounted to $10,396.29, by August 9, 1990, and

2. future monthly rent, which amounted to $3,465.43, on the 25th day of each month.

In compliance with Judge Stafford's August 3, 1990 order, the Debtor deposited all monthly rentals due through November 25, 1990. However, the Debtor did not deposit the rent due December 25, 1990. Thus, on December 26, 1990, Judge Stafford directed Lockwood to issue a Writ of Possession upon affidavit of GBD's counsel that the Debtor failed to deposit the December 25, 1990 rental payment.

On December 27, 1990, the Debtor filed a Chapter 11 petition, thereby staying all matters pending in GBD's landlord/tenant action. The Debtor remained in possession of the Premises.

On January 24, 1991, this Court dismissed the Debtor's petition with prejudice because the Debtor failed to file its schedules.

On February 5, 1991, Judge Spechler, who was now presiding over the landlord/tenant action, entered an order that:

1. granted a Final Judgment of Eviction in favor of GBD and against the Debtor, for possession of the Premises, and

2. directed Lockwood to issue a Writ of Possession commanding the Sheriff of Broward County to deliver the Premises to GBD.

On February 7, 1991, this Court reinstated the Debtor's Chapter 11 petition. GBD was once again stayed from pursuing its right to receive the Registry Funds and pursuing execution on the Writ of Possession.

On February 13, 1991, this Court entered an order: (1) granting GBD relief from the automatic stay to pursue all matters pending in the landlord/tenant action in state court, except for obtaining execution on the Writ of Possession, and (2) directing the Debtor to deposit $6,930.86 (representing rental payments due December 25, 1990, and January 25, 1991) with Lockwood, pursuant to Judge Stafford's August 3 order.

On February 14, 1991, after the Debtor failed to deposit the rental payments, this Court entered an order granting GBD stay relief to pursue the Writ of Possession, and GBD thereafter gained possession of the Premises. The Debtor also converted its Chapter 11 petition into a Chapter 7 petition, and Marika Tolz was accordingly appointed Trustee.

Notwithstanding the conversion and in accordance with previous orders of this Court, Judge Spechler entered an order on February 28, 1991 directing Lockwood to release the Registry Funds to GBD's counsel.

On March 7, 1991, this Court granted Plaintiff Trustee's Ex–Parte Emergency Motion for a Temporary Restraining Order enjoining Lockwood from releasing the Registry Funds. A hearing was held on March 18, 1991 to determine if Lockwood should be enjoined from releasing the Registry Funds to GBD, on the grounds that the funds are property of the estate and the Trustee is therefore entitled to turnover of the funds.

On April 22, 1991, this Court entered an order authorizing Lockwood to deposit the Registry Funds with the Clerk of the Bankruptcy Court, pursuant to Bankruptcy Rule 7067.

## CONCLUSIONS OF LAW

The issue before the Court is whether the Registry Funds are property of the debtor and subject to turnover to the Trustee pursuant to 11 U.S.C. § 543. The Trustee argues the funds are property of the Debtor such that this Court may properly enjoin the release of the Registry Funds to GBD. This Court disagrees.

Section 543(b), of title 11, United States Code, requires a custodian to deliver "property of the debtor" to the trustee at the

commencement of the case. At the commencement of this bankruptcy case, both GBD and the Debtor had a contingent interest in the Registry Funds. It was the contingent interest, and not the Registry Funds, that was the property of the Debtor when the Debtor filed its bankruptcy case. *See In re Palm Beach Heights Development & Sales*, 52 B.R. 181 (Bankr.S.D.Fla. 1985).

In February of 1991, when this Court granted GBD relief from the stay to pursue all matters pending before Judge Spechler, Judge Spechler determined the Registry Funds to be GBD's property solely and ordered Lockwood to release the Registry Funds to GBD. At that point, any interest that the Debtor had in the funds was extinguished.

The Trustee cites *NLT Computer Serv. Corp. v. Capital Computer Systems*, 755 F.2d 1253 (6th Cir.1985) in support of its position, urging the Court to order turnover of the Registry Funds to the Trustee. The Court does not believe this case supports the Trustee's position. In *NLT*, NLT owed Capital $150,000 on a computer contract. Several creditors of Capital claimed a right to the $150,000. NLT filed an interpleader action and deposited the $150,-000 into the registry of the state court. Before the state court decided who was entitled to the $150,000, two of Capital's creditors filed an involuntary bankruptcy petition against Capital. The United States Court of Appeals for the Sixth Circuit held that the automatic stay precluded the creditors from pursuing the state court action. The Sixth Circuit noted that the state court action was a dispute among the debtor's creditors regarding their rights to the $150,000 sum that NLT owed the debtor. The Court reasoned that because the Bankruptcy Code is specifically designed to resolve such disputes, the Bankruptcy Code should control the issue and held that the trustee in bankruptcy was entitled to the turnover of that $150,000 sum.

The instant case is distinguishable from *NLT* in several respects. First, the underlying state court action was a landlord/tenant dispute which state law, and not the Bankruptcy Code, is designed to resolve. More importantly, this Court granted GBD stay relief to pursue its right to the Regis-

try Funds in the state court. Accordingly, the state court had proper authority to order the release of the Registry Funds to GBD. At the time the state court ordered the funds released to GBD, the only party with an interest in the funds was GBD. Thus, unlike the Court in *NLT*, this Court is not confronted with the task of resolving a dispute among several creditors over their rights to the Registry Funds.

Upon consideration, it is hereby

ORDERED that:

1. The Trustee's motion to enjoin Robert E. Lockwood from releasing the funds to GBD is DENIED.

2. The Clerk of this Court shall release to GBD the funds that the Clerk of the Broward County Circuit Court placed into this Court's registry.

3. The remaining issue of whether the trustee is entitled to the turnover of property that was located on the Premises when GBD came into possession of the Premises shall be set for an evidentiary hearing.

DONE and ORDERED.