Patricia DZIKOWSKI, successor trustee and successor-in interest to Adriano Gonzalez, interim trustee, Appellant,

v.

NASD REGULATION, INC., Appellee.

In the Matter of Brian Douglas Scanlon, Debtor.

NASD Regulation, Inc., Plaintiff,

v.

Brian Douglas Scanlon and Adriano Gonzalez, interim trustee, Defendants.

No. 00–8097–CIV.

Bankruptcy No. 98–34247–BKC–SHF.

Adversary No. 99–3078–BKC–SHF–A.

United States District Court, S.D. Florida.

April 14, 2000.

Charles M. Tatelbaum, Naples, FL, Jushua Cohen, Stamford, CT, Stephen C. Hunt, Naples, FL, for NASD Regulation Inc.

Paul L. Orshan, Miami, FL, for Brian Douglas Scanlon.

Michael R. Bakst, West Palm Beach, FL, for Patricia Dzikowski.

## ORDER

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court, pursuant to 28 U.S.C. § 158(a), upon Patricia Dzikowski, the Trustee for Appellant, Brian Scanlon's, appeal of United States Bankruptcy Judge Randolph Baxter, sitting by designation, Order Regarding

Trustees' Action to Recover Avoidable Transfers or Establish Ownership Pertaining to $650,000 transferred to New York Counsel, Gersten, Savage, which held said monies in a trust account, entered on November 12, 1999, filed herein on March 10, 2000. The Court has carefully considered the appeal, has carefully reviewed the court file herein including the entire designation of record on appeal, and is otherwise fully advised in the premises.

## I. BACKGROUND

Debtor, Brian Douglas Scanlon, was a licensed securities broker. Appellee, NASD (National Association of Securities Dealers) received information that Debtor was involved in actionable violations of the rules and procedures of NASD Regulation (NASDR). On December 22, 1997, the Department of Enforcement of NASDR filed a disciplinary proceeding against Debtor. Debtor submitted to an offer of settlement, which was accepted by the NASD. In accordance with the settlement, Debtor's mother-in-law forwarded $650,000 to the Debtor's counsel, Gersten, Savage, to be deposited and escrowed in a trust account. The funds were deposited to be disseminated for the restitution of those harmed through the particular actions of the Debtor.

Debtor filed a voluntary bankruptcy proceeding on August 11, 1998, and the Trustee, Patricia Dzikowski, was appointed as the Chapter 7 Bankruptcy Trustee. The Appellee, the NASD, filed an adversary proceeding, for declaratory judgment, seeking to determine that the Trustee does not have an interest in the Escrow Account containing $650,000. Trustee responded by asserting that the account is property of the debtor, and therefor estate funds.

On November 12, 1999, Judge Randolph Baxter entered Judgment and a Memorandum Opinion and Order granting summary judgment to Plaintiff, NASD's claim. The Court concluded that Plaintiff met his initial burden for summary judgment, and Trustee failed to meet its corresponding burden under Rule 56(e). Additionally, the Court determined that the subject funds were not estate assets defined under 11 U.S.C. § 541. The Court concluded that a genuine issue of material fact does not exist.

Trustee filed a Motion for Reconsideration which was subsequently denied by the Court. Trustee then filed this Appeal of the Bankruptcy Court's Order Granting Summary Judgment in favor of Plaintiffs.

## II. STANDARD OF REVIEW

The Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013; *Green Tree Acceptance, Inc. v. Calvert (In re Calvert)*, 907 F.2d 1069, 1071 (11th Cir.1990). Equitable determinations by the bankruptcy court are reviewed for abuse of discretion, *In re Red Carpet Corp.*, 902 F.2d 883 (11th Cir.1990), while conclusions of law are reviewed by the District Court *de novo*. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

A motion for summary judgment in the bankruptcy court is governed by Fed.R.Bankr.P. 7056, which incorporates Fed.R.Civ.P. 56. The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed. R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202.

### III. DISCUSSION

Trustee's argument is based on its belief that the funds were transferred to Debtor's attorneys, and as such, the funds were in control of the debtor. The funds, transferred by Debtor's mother-in-law, were later repaid by Debtor, therefore, the funds were Debtors. Trustee, citing *In re Chase & Sanborn* and *In re Howdeshell of Fort Myers*, argues that the funds were controlled by Debtor, and the affidavits submitted by the NASD did not provide evidence on the issue of the extent of control regarding the funds, exercised by Debtor. The Court *In re Chase & Sanborn*, in determining who controlled the funds in a fraudulent transfer stated, "[I]n determining whether the debtor had control of funds transferred to a noncreditor, the court must look beyond the particular transfers in question to the entire circumstances of the transactions." *In re Chase & Sanborn*, 813 F.2d 1177, 1181–82 (11th Cir.1987). This differs from the facts in the present action and in Trustee's argument because Debtor did not have control over the funds, and the funds were not deemed property of the Debtor. Additionally, Debtor testified that he did not believe he could exert any control over the funds, and did not intend to do so [DR 44, 33, 35, 23, 25, 27, 29, and 31].

The Court *In re Howdeshell of Fort Myers*, determined that it was clear that the Debtor was in complete control over the designation of the funds, and the Court found that there was nothing in the record to suggest that the loan from the third party was conditioned on payment to a particular creditor. *In re Howdeshell of Fort Myers*, 55 B.R. 470, 474–75 (Bankr. M.D.Fla.1985). However, in the present action, the funds were placed in the trust account exclusively for the payment under Appellee NASD Regulation Settlement Order, by Debtor's mother-in law [DR 14, Ex. A, B].

■ A bankruptcy court in the Southern District of Florida was faced with the issue regarding who had an interest in property. *See In re Safe–T–Brake of South Florida, Inc.*, 162 B.R. 359 (Bkrtcy.S.D.Fla.1993). The Court turned to the dissenting opinion of Judge Flaum in the *Matter of Smith*, who stated: "Control has two components: first, the power to designate which party will receive the funds; and, second, the power to actually disburse the funds at

issue to that party. In other words, control means control over identifying the payee, and control over whether the payee will actually be paid." *Matter of Smith*, 966 F.2d 1527, 1537 (7th Cir.) (Flaum, J., dissenting) *cert. dismissed*, 506 U.S. 1030, 113 S.Ct. 683, 121 L.Ed.2d 604 (1992). Debtor, in the present action, was acting in accordance with a Settlement Agreement, and therefore did not control who would receive the funds. Additionally, Debtor had a third party transfer funds into a trust account, and the attorneys were to disperse the money to those wronged by Debtor. Debtor, therefore, did not have control over the funds.

■ The evidence in the record, the prevailing law and the determination by the Bankruptcy Court, all support the proposition that Debtor did not have control over the funds. This Court must accept the bankruptcy court's findings of fact unless clearly erroneous. *In re Prudential Lines Inc.*, 928 F.2d 565 (2nd Cir. 1991). The funds were transferred to an account, by a third party, for disbursement to a specified group, those wronged by Debtor. Debtor did not have control over the funds that were in the trust account, and could not direct who would receive the funds. Therefore, the NASD satisfied its burden, setting forth uncontradicted evidence that the funds were not the estates. The burden then shifted to the Trustee. Trustee, however, did not submit evidence to contradict the NASD's assertions, nor did the Trustee submit evidence to support the claim that the funds were the property of the estate. Additionally, the Bankruptcy Court properly applied the legal standard for summary judgment.

Trustee argues that the monies paid to the trust account were really paid by Debtor. Debtor has reimbursed his mother-in-law, and therefore the funds were his. The facts show, however, that the funds were placed in the trust account, by the mother-in-law with the implicit instructions that they were to be used to satisfy the settlement agreement. Debtor did not control the funds, nor did he have the belief that he could control the funds.

Trustee also argues that the trust account was really Debtor's account. Debtor, however, did not control the funds in the account. Further, the account was established to satisfy the settlement agreement, not to benefit Debtor.

The Court notes that the five deposition transcripts cited by Trustee do not raise genuine issues of material fact, as claimed by Trustee. Further, the Court notes that the Bankruptcy Court, as evidenced by the record, did not merely rely on two affidavits, but determined the validity of the action using all of the information at its disposal.

## IV. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. United States Bankruptcy Judge Randolph Baxter's Order Regarding Trustees' Action to Recover Avoidable Transfers or Establish Ownership Pertaining to $650,000 transferred to New York Counsel, Gersten, Savage, which held said monies in a trust account, entered on November 12, 1999, is hereby **AFFIRMED;**

2. The Clerk of this Court is directed to deny all pending motions as moot; and

3. This case is closed.