[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22 2001
THOMAS K. KAHN
CLERK

_____

No. 00-12624
Non-Argument Calendar

_____

D.C. Docket No. 00-08097-CV-WPD


IN RE: BRIAN DOUGLAS SCANLON,

Debtor.


PATRICIA DZIKOWSKI,
Successor Trustee in Bankruptcy for
Brian Douglas Scanlon,

Plaintiff-Appellant,


versus


NASD REGULATION, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 22, 2001)**


Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Patricia Dzikowski ("Trustee Dzikowski"), in her capacity as trustee to Brian Scanlon ("the Debtor"), appeals the district court's grant of summary judgment to NASD Regulation on the issue of whether certain funds in a temporary escrow account constituted estate property under 11 U.S.C. § 541. Upon review, we affirm.

## BACKGROUND

The Debtor was a licensed securities dealer. In December 1997, the Department of Enforcement of NASD Regulation filed a disciplinary proceeding against the Debtor after receiving information that he was involved in actionable violations of its rules and procedures. In June 1998, the Debtor and the National Association of Securities Dealers ("NASD") entered into a settlement agreement.

The settlement agreement required the Debtor, among other things, to forward funds to a temporary escrow account maintained by his counsel pending the establishment of an independent escrow agency. The settlement agreement then required that the funds be transferred to the independent escrow agent for distribution, according to instructions provided by NASD Regulation, to NASD customers harmed by the Debtor's securities violations. In partial compliance with the settlement agreement, the Debtor's mother-in-law, at the request of the Debtor's wife, forwarded $650,000 to the temporary escrow account. The

Debtor's wife repaid this loan from a line of credit on her and her husband's personal residence in June 1998.

Before these funds could be transferred to the independent escrow agent, however, on August 11, 1998 the Debtor filed a voluntary bankruptcy proceeding. Dzikowski was ultimately appointed trustee of the bankruptcy estate.[1] As a result of the bankruptcy filing, no distributions of the settlement funds have been made. On April 5, 1999, NASD Regulation filed an adversary proceeding seeking a declaratory judgment that the funds in the escrow account did not belong to the Debtor and thus were not the property of the bankruptcy estate.[2] While the Debtor agreed with the position of NASD Regulation, Trustee Dzikowski responded that the $650,000 in the temporary escrow account constituted estate property under 11 U.S.C. § 541.

On November 12, 1999, the bankruptcy court granted summary judgment to NASD Regulation, finding that the settlement funds were never owned or controlled by the Debtor and thus were not part of the bankruptcy estate. See In re

---

[1] Dzikowski succeeded Adriano Gonzales, who was the trustee as of the time of the bankruptcy court's decision. Dzikowski's appointment occurred at some point prior to the issuance of the district court's decision.

[2] While NASD Regulation's amended complaint in the bankruptcy court sought other, related determinations, see In re Scanlon, 242 B.R. 533, 533 (Bankr. S.D. Fla. 1999), the orders below and the briefs on appeal focus only on the threshold question of whether the funds in the temporary escrow account constituted estate property. Accordingly, our decision only addresses that issue.

Scanlon, 242 B.R. 533, 536 (Bankr. S.D. Fla. 1999) ("Scanlon I"). The bankruptcy court denied Trustee Dzikowski's motion for reconsideration. On April 14, 2000, the district court affirmed the bankruptcy court's order. See Dzikowski v. NASD Regulation, Inc., 247 B.R. 867, 870 (S.D. Fla. 2000) ("Scanlon II").

## STANDARD OF REVIEW

This Court conducts a de novo review of determinations of law by the bankruptcy court and by the district court. See General Trading, Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1494 (11th Cir. 1997) (citing In re Blizerian, 100 F.3d 886, 889 (11th Cir. 1996)). The bankruptcy court's factual findings are reviewed for clear error. See id.

## DISCUSSION

On appeal, Trustee Dzikowski argues that there are genuine issues of material fact as to whether the funds in the temporary escrow account are part of the bankruptcy estate and that these factual disputes preclude summary judgment for NASD Regulation. She thus asks that this Court either reverse the district court's grant of summary judgment to NASD Regulation or vacate the order and remand the matter for further consideration by the district court.

In determining that NASD Regulation satisfied its summary judgment burden, both the bankruptcy court and the district court focused – the former

4

implicitly, the latter explicitly – on the degree of control exercised by the Debtor over the funds in the temporary escrow account.  The bankruptcy court held that "the affidavits and deposition testimony support [NASD Regulation's] contention that the $650,000.00 in question were never funds of the Debtor and, thusly, are not estate funds."  Scanlon I, 242 B.R. at 536.  Specifically, the bankruptcy court found that the funds originated from the Debtor's mother-in-law, that the Debtor had no authority to disburse those funds, and that the Debtor did not plan the escrow arrangement.  See id. at 536-37.  Similarly, the district court found that "[t]he evidence in the record, the prevailing law and the determination by the Bankruptcy Court, all support the proposition that Debtor did not have control over the funds."  Scanlon II, 247 B.R. at 870.  The district court noted that the funds "were transferred to an account, by a third party, for disbursement to a specific group" and that the Debtor "did not have control over the funds that were in the trust account, and could not direct who would receive the funds."  Id.  It thus held that NASD Regulation had satisfied its burden of "setting forth uncontradicted evidence that the funds were not the estate's" and was thus entitled to summary judgment.  Id.

Upon review, we readily conclude that the bankruptcy court's and the district court's factual findings are supported by the evidence.[3] Both the bankruptcy court and the district court extensively summarized the evidence submitted in support of the parties' positions, and we have no need to repeat those discussions here. We do, however, address whether the determinative factors used by those courts – the original source of the funds and the extent of the Debtor's control over them – provided the proper basis for assessing whether the $650,000 in the escrow account was estate property.

"A debtor's estate in bankruptcy consists of 'all legal and equitable interests of the debtor in property as of the commencement of the case.'" T&B Scottdale Contractors, Inc. v. United States, 866 F.2d 1372, 1376 (11th Cir. 1989) (quoting 11 U.S.C. § 541(a)(1)). "The extent and validity of the debtor's interest in property is a question of state law." Id. Under Florida law,[4] "legal title to property

---

[3]In making their factual findings the bankruptcy court and the district court relied on affidavits submitted by NASD Regulation with its motion for summary judgment and deposition testimony that NASD Regulation counter-designated. We therefore reject Trustee Dzikowski's claim that the affidavits alone did not support those factual findings.

[4]Although the apparent assumption below was that Florida law was controlling in this case, we note that the escrow account at issue was located in the state of New York. Neither the bankruptcy court nor the district court analyzed what the governing law should be, however, and both appear to have assumed, without deciding, that Florida law determines the issue presented in this appeal. In her reply brief Trustee Dzikowski raises the possibility, but does not argue, that New York law applies. (See Reply Br. at 4 & n.1.) Because no argument to the contrary has been presented, we conduct our review according to principles of Florida law.

placed in an escrow account remains with the grantor until the occurrence of the condition specified in the escrow agreement." Dickerson v. Central Fla. Radiation Oncology Group, 225 B.R. 241, 244 (M.D. Fla. 1998) (citing In the Matter of Berkley Multi-Units, Inc., 69 B.R. 638, 641 (Bankr. M.D. Fla. 1987)). Nonetheless, "funds that are deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate." In re S.E.L. Maduro, 205 B.R. 987, 990-91 (Bankr. S.D. Fla. 1997) (citing In re AGSY, Inc., 120 B.R. 313, 317-20 (Bankr. S.D.N.Y. 1990)).

Neither the bankruptcy court nor the district court expressly addressed these principles. While the bankruptcy court did not cite any precedent guiding its analysis of the bankruptcy estate, it did conclude that the funds deposited in the escrow account belonged to the Debtor's mother-in-law. See Scanlon I, 242 B.R. at 537. In affirming the judgment of the bankruptcy court, the district court relied on previous decisions from this Court and district courts that focused on the degree of control exercised by the Debtor in determining whether certain funds were part of the bankruptcy estate. See Scanlon II, 247 B.R. at 869 (citing In re Safe-T-Brake of South Fla., Inc., 162 B.R. 359, 365 (Bankr. S.D. Fla. 1993)).

Nonetheless, the two opinions below inform the analysis of who possessed legal title to the funds in the temporary escrow account and who were the intended

7

beneficiaries of those funds, and those discussions support the conclusion that Trustee Dzikowski did not satisfy her burden on summary judgment of presenting "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." Scanlon I, 242 B.R. at 536 (citing Fitzpatrick v. City of Atlanta, 2 F.3d. 1112, 1116 (11th Cir. 1993)). While the issue of who possessed legal title to the funds in the escrow account is not free of ambiguity,[5] it is clear that the $650,000 was not intended to benefit the Debtor. Although Trustee Dzikowski argues that the settlement funds were meant to benefit the Debtor by precluding any further litigation against him by the NASD, the true beneficiaries of the settlement funds were clearly the NASD customers defrauded by the Debtor. Indeed, the district court found that the temporary escrow account "was established to satisfy the settlement agreement, not to benefit Debtor." Scanlon II, 247 B.R. at 870. Furthermore, the Debtor's mother-in-law placed the funds in the temporary escrow account "with the implicit instructions

---

[5]The district court stated that while the Debtor had reimbursed his mother-in-law for the loan, "[t]he facts show . . . that the funds were placed in the trust account, by the mother-in-law with the implicit instructions that they were to be used to satisfy the settlement agreement." Scanlon II, 247 B.R. at 870. The district court's implicit conclusion is that the Debtor's mother-in-law retained legal title to the funds, and the funds were thus not a part of the bankruptcy estate. The bankruptcy court's statement of the facts, however, creates some uncertainty concerning the legal effect, if any, of the repayment of the loan from the Debtor's mother-in-law. While the district court stated that the Debtor repaid this loan, see id., the bankruptcy court stated that the loan was repaid by the Debtor's wife from a line of credit on their personal residence, and it further noted that the Debtor's wife was the title owner of all residences owned by herself and the Debtor. See Scanlon I, 242 B.R. at 538.

8

that they were to be used to satisfy the settlement agreement." Id. Additionally, the Debtor "did not have control over the funds that were in the trust account, and could not direct who would receive the funds." Id. As the bankruptcy court noted, even the Debtor's counsel could not release the funds in the escrow account "to any entity without directions and approval of the U.S. Bankruptcy Court or by the consent of all parties involved." Scanlon I, 242 B.R. at 537. Thus, even if the Debtor could be deemed the legal owner of the funds by virtue of his repayment of his mother-in-law's loan, the fact that those funds experienced a temporary layover in an account maintained by his counsel while en route to compensating others without any oversight by the Debtor hardly converts them into property of the bankruptcy estate.

## CONCLUSION

For these reasons, we conclude that the funds in the temporary escrow account are not part of the bankruptcy estate and that summary judgment for NASD Regulation on this issue was appropriate.

**AFFIRMED.**