**In re EXPERT SOUTH TULSA, LLC, Debtor.**

**LTF Real Estate Company, Inc., Plaintiff,**

**v.**

**Expert South Tulsa, LLC, Defendant.**

**Bankruptcy No. 10–20982.
Adversary No. 11–06011.**

United States Bankruptcy Court, D. Kansas.

Aug. 29, 2011.

Bruce E. Strauss, Merrick, Baker & Strauss, P.C., Kansas City, MO, for Plaintiff.

Jonathan A. Margolies, McDowell Rice Smith & Buchanan, Kansas City, MO, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN PART

ROBERT D. BERGER, Bankruptcy Judge.

Plaintiff LTF Real Estate Company, Inc., moves for summary judgment on its declaratory judgment action against Debtor Defendant Expert South Tulsa, LLC, and First American Title Insurance Company in its capacity as escrow agent.[1] The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. The motion for summary judgment is granted, in part. The escrow funds are not property of the estate, and LTF is entitled to pursue its rights under the escrow agreement. This opinion constitutes the findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052 and 7056.

### I. Findings of Fact

### A. Standards for a Properly Opposed Motion for Summary Judgment

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[2] The movant bears the burden of proving the absence of controverted facts. Once this initial burden is met, the opposing party must not only set forth specific facts showing there is a genuine issue for trial, but also that the disputed fact is material. The opposing party may not rely on its pleadings, but must produce evidence to support its position. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, it may request additional time to conduct discovery.[3]

LTF sets forth a statement of material facts to which it contends no genuine issues exist.[4] Defendant Debtor does not specifically controvert most of these facts. Of Plaintiff's 27 numbered paragraphs, Debtor controverts only two with a cite to

---

1. Doc. No. 21.

2. Fed. R. Bankr.P. 7056.

3. Fed. R. Bankr.P. 7056(d).

4. Doc. No. 22.

an affidavit. Instead, Debtor requests more time for discovery, but Debtor fails to explain what facts it needs to discover to present its opposition. A review of Debtor's answer to the complaint shows the material facts in this case are not controverted. The parties' disagreement centers on the rights and remedies as set forth in the written agreements between them. The Court, upon its own review of the record and in light of the foregoing, finds the following facts are material and uncontroverted.

## B. Uncontroverted Facts

On March 30, 2010, another of Debtor's creditors, Team Viva, filed an involuntary Chapter 7 petition, which Debtor later voluntarily converted to Chapter 11. Debtor's business was to own, develop, and sell commercial property located in Tulsa, Oklahoma. Debtor's financial difficulties stem primarily from a failed real estate development known as Memorial Commons. The project was to include retail shopping, restaurants, and office space.

LTF purchased from Debtor an undeveloped site at Memorial Commons for the purpose of building and operating a health club. The Purchase Agreement required Debtor to construct certain improvements within Memorial Commons, including: (i) the detention facility or drainage channel; (ii) the storm water connection lines; (iii) an internal roadway; (iv) an entryway into the project; (v) site grading and compaction; (vi) utilities service; and (vii) a traffic signal. Pursuant to the Purchase Agreement, Debtor agreed to escrow 120 percent of the amount estimated to complete the improvements as a guarantee fund. LTF and Debtor entered into an Escrow

and Post–Closing Construction Agreement. Debtor placed $1,226,400 in escrow with First American Title. Under the terms of the escrow agreement, Debtor was entitled to return of the escrow funds upon completion of the improvements. In the event Debtor failed to complete the improvements, LTF was entitled to complete the improvements and obtain reimbursement from the escrow funds. Debtor was to remain liable for improvement costs exceeding the escrow funds.

Debtor began work on the improvements, but the improvements were not completed. Contractors who performed work or supplied materials for the improvements filed and prosecuted mechanic's liens in Oklahoma state court. LTF presents uncontroverted testimony the mechanic's lien claimants settled and dismissed their claims against Debtor. However, LTF also presents uncontroverted testimony mechanic's liens are still pending against LTF's property in the aggregate amount of approximately $551,411. No money has been disbursed from the escrow. Until this action, LTF has not elected to complete the improvements itself and seek reimbursement according to the procedure provided by the escrow agreement.

## II. Conclusions of Law

### A. Whether Escrow Funds Are Property of the Estate

 The Bankruptcy Code defines property of the estate and includes the debtor's legal and equitable interests in property as of the petition date.[5] State law defines the debtor's rights in the property.[6] A bankruptcy estate cannot succeed to a greater interest in property than the debtor held prior to bankruptcy.[7]

---

5. 11 U.S.C. § 541.

6. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

7. *In re ANR Advance Transp. Co., Inc.,* 247 B.R. 771, 774 (Bankr.E.D.Wis.2000) (escrow funds not property of estate); *Cedar Rapids Meats, Inc. v. Hager (In re Cedar Rapids Meats,*

■ Legal title to property placed in an escrow account remains with the grantor until the occurrence of the condition specified in the escrow agreement. Nonetheless, funds deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate.[8] Escrow agreements are not executory contracts. Escrow agreements are a type of express trust and are a method of conveying property.[9] The nature and circumstances of the escrow agreement control. When property is delivered in escrow, the depositor loses control over it and an interest in the property passes to the ultimate grantee under the escrow agreement.[10] Where the escrow agreement acts as an assurance or guarantee fund, the escrow funds are not property of the estate.[11] The debtor's bankruptcy does not allow escrow funds to be released to the debtor contrary to the agreement between the debtor and other parties to the escrow agreement. Such a result would convert a debtor's contingent right to the funds to a non-contingent right.[12]

■ Factors relevant in determining whether an escrow fund is estate property include, but are not limited to, whether the debtor initiated or agreed to the creation of the escrow, what if any control the debtor exercises over it, the incipient source of it, the nature of the funds put into it, the recipient of its remainder (if any), the target of all its benefit, and the purpose of its creation.[13]

■ In this case, Debtor deposited $1,226,400 in escrow to guarantee completion of site improvements for the benefit of LTF. As between LTF and Debtor, Debtor is solely responsible for the site improvement costs. Debtor is entitled to return of the escrow funds only upon completion of the site improvements. Debtor has no right to unilaterally terminate the escrow agreement and withdraw the funds prior to the site improvements' completion. In the event Debtor fails to complete the site improvements, LTF is entitled to complete them and seek reimbursement from the escrow funds. The condition precedent for the disbursement of the escrow funds is completion of site improvements. Upon occurrence of the escrow agree-

---

*Inc.)*, 121 B.R. 562 (Bankr.N.D.Iowa 1990) (escrow fund established to guarantee worker's compensation claims was not estate property); *N.S. Garrott & Sons, et al. v. Union Planters Nat'l Bank, et al. (In re N.S. Garrott & Sons)*, 772 F.2d 462, 466 (8th Cir.1985).

8. *Dzikowski v. NASD Regulation, Inc. (In re Scanlon)*, 239 F.3d 1195, 1197–98 (11th Cir. 2001).

9. *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 155 F.3d 718, 723 (4th Cir. 1998); *Matter of Newcomb*, 744 F.2d 621, 624 (8th Cir.1984) (an escrow agreement is more than an executory contract and cannot be rejected because it is also a method of conveying property).

10. *Creeden v. North*, 160 Okla. 90, 15 P.2d 991, 993 (1932).

11. *In re Cedar Rapids Meats*, 121 B.R. at 566; *In re Dolphin Titan Int'l, Inc.*, 93 B.R. 508,

511–12 (Bankr.S.D.Tex.1988) (funds placed in escrow to assure payment of worker's compensation claims was not estate property); *In re Palm Beach Heights Dev. & Sales Corp.*, 52 B.R. 181, 183 (Bankr.S.D.Fla.1985) (monies placed by debtor in an escrow fund to guarantee the debtor would complete certain drainage and road improvement work was not property of the bankruptcy estate); *In re Atlantic Gulf Communities Corp.*, 369 B.R. 156, 164 (Bankr.D.Del.2007) (funds placed in escrow to guarantee water and sewer facilities were completed were not property of the estate).

12. *In re Dolphin Titan Int'l*, 93 B.R. at 512 (citing *In re Creative Data Forms, Inc.*, 41 B.R. 334 (Bankr.E.D.Pa.1984)).

13. *In re Cedar Rapids Meats*, 121 B.R. at 567.

ment's condition precedent, LTF's interest in the escrow funds would terminate, and title to the account would vest with Debtor.[14] The condition precedent has not occurred. Thus, Debtor holds a contingent remainder interest with respect to any escrow funds remaining after the terms of the escrow agreement are satisfied. Debtor may not succeed to a greater interest in the funds than it possessed pre-petition. While the estate received Debtor's contingent remainder interest under the escrow agreement, such interest cannot vest until the site improvements are completed and surplus funds remain in the escrow account to which the Debtor's interest can attach. As of the petition date, Debtor had no vested interest in the escrow funds, and the funds are not property of the estate.

Debtor raises only two possible issues. First, Debtor notes it was the grantor of the funds. However, being the grantor does not establish the money is estate property. The issue is, what right to the funds does Debtor possess as of the petition date. In this case, Debtor is a contingent grantee and has an interest in the funds only after site improvements are completed.[15]

Second, Debtor notes LTF did not exercise its self-help remedy to the escrow funds prior to the petition date. LTF's failure does not cut off its rights with respect to the escrow agreement.[16] LTF's interest in the escrow agreement vested upon its creation.[17]

The escrow agreement required Debtor to deposit 120 percent of the estimated costs of the site improvements into a guarantee fund to ensure to LTF their comple-

tion. Debtor cannot claim the escrow funds before the contingency is completed or it will receive a windfall in bankruptcy it would not otherwise receive under non-bankruptcy law.

The estate holds Debtor's contingent interest in the escrow agreement and therefore has an interest in seeing LTF likewise comply with the escrow agreement's terms. However, Debtor has no present interest in the escrow funds. The escrow funds guarantee to LTF the site improvements will be completed. LTF is entitled to exercise self-help, proceed with the site improvements, and seek reimbursement from the escrow funds as provided by the escrow agreement. When the site improvements are complete, Debtor will have an interest in any surplus funds remaining in the account. Until such time, Debtor has no immediate possessory interest in the funds within the meaning of § 541 so as to bar LTF from the declarations it seeks.

Accordingly, based upon the foregoing findings of fact and conclusions of law, the Court enters summary judgment on subparagraph (a) and finds Debtor has a contingent interest in the escrow agreement.

The Court further enters summary judgment on subparagraph (b) and finds the escrow funds are not property of the estate.

The Court further enters summary judgment on subparagraph (c) and finds neither Debtor nor LTF are entitled to a disbursement of the escrow funds at this time.

---

**14.** *See Matter of Missionary Baptist Found. of America,* 792 F.2d 502, 506 (5th Cir.1986).

**15.** *See, e.g., In re Atlantic Gulf Communities Corp.,* 369 B.R. at 163.

**16.** *See, e.g., TTS, Inc. v. Citibank, N.A. (Matter of TTS, Inc.),* 158 B.R. 583 (D.Del.1993).

**17.** *Id.* at 587.

The Court further enters summary judgment on subparagraph (d) and finds LTF may exercise the remedy of self-help under the terms of the escrow agreement.

### III. Conclusion

For the reasons set forth above, the Court GRANTS the motion for summary judgment, in part, and grants LTF the relief as provided with respect to subparagraphs (b) and (d).

IT IS SO ORDERED.