103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie E. PEALE, Jr., Appellant,
v.
Mark T. MILLER, Trustee; Betty Cummins, Creditor; and,
Charles Cummins, Creditor, Appellees.
 No. 95-5681.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 Before: KRUPANSKY, DAUGHTREY and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This pro se appeal is brought by Willie E. Peale, the debtor's attorney in a bankruptcy action, for attorney's fees. The bankruptcy court found that Peale's legal service did not benefit the debtor or the estate and denied relief. Although the district court misapplied the Bankruptcy Code to Peale's claim, and the bankruptcy court's order was silent as to which section of the Code applied, we conclude that the error was harmless. Because we further conclude that none of the other arguments asserted by Peale has any merit, given the broad discretion afforded to bankruptcy courts when determining attorney's fees, we affirm the district court's judgment.
 
 
 2
 The facts at this stage of the litigation are not generally in dispute and are adequately stated in the district court's order. Upon appeal from the district court, "this court directly and independently reviews the bankruptcy court's decision," applying a de novo standard to its legal conclusions. Michel v. Eagle-Picher Inc., (In Re Eagle-Picher Indus. Inc.), 999 F.2d 969, 972 (6th Cir.1993). We review a bankruptcy court's determination of attorney's fees for an abuse of discretion. Electro-Wire Products, Inc. v. Sinote & Permutt, P.C., (In re Prince), 40 F.3d 356, 359 (11th Cir.1994); Anderson v. Anderson (In Re Anderson), 936 F.2d 199, 203 (5th Cir.1991).
 
 
 3
 In its order denying attorney's fees, the bankruptcy court did not cite a specific section of the Bankruptcy Code in support of its decision. However, the district court affirmed the bankruptcy court's decision relying on 11 U.S.C. § 327, which governs professionals employed by the trustee for the benefit of the estate. We conclude that reliance on this section cannot be sustained, because it applies specifically to attorneys hired by a trustee and not by the debtor, as occurred in this case.
 
 
 4
 Although a debtor in a Chapter 7 action does not need court approval to hire an attorney, In re Pine Valley Mach., Inc., 172 B.R. 481, 486 (Bankr.D.Mass.1994); In re Corbi, 149 B.R. 325, 332 (Bankr.E.D.N.Y.1993), the code does impose some limitations on the compensation of an attorney, including compensation for pre-bankruptcy services. Under U.S.C. § 502, governing allowance of claims, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services." 11 U.S.C. § 502(b)(4). Furthermore, a debtor's attorney must still file a statement with the court regarding compensation paid or that agreed to be paid, pursuant to 11 U.S.C. § 329, which strongly disfavors compensation of attorney's fees from estate assets in Chapter 7 petitions. In re Friedland, 182 B.R. 576, 579-80 (Bankr.D.Colo.1995); In re Dawson, 180 B.R. 478, 479 (Bankr.E.D.Tex.1994). Instead, in Chapter 7 bankruptcy petitions, a "debtor's attorney must look to the debtor's exempt property and post-petition earnings to be compensated for his services." In re Holden, 101 B.R. 573, 577 (Bankr.N.D.Iowa 1989) (citing In re Leff, 88 B.R. 105, 109 (Bankr.N.D.Tex.1988)).
 
 
 5
 Peale claims that the record in this case clearly establishes that the estate benefited from his legal services. He cites a lawsuit filed in Kentucky state courts, which he claims brought about changes in substantive state law regarding a father's inheritance rights to the wrongful death proceeds of his illegitimate child. In addition, Peale lists his efforts on the father's behalf to obtain a share of these proceeds. He further maintains that the bankruptcy court's denial of attorney's fees, including those charged for pre-petition services, violates this court's decision in Cle-Ware Indus., Inc. v. Sokolsky (In re Cle-Ware Indus., Inc.), 493 F.2d 863 (6th Cir.), cert. denied, 419 U.S. 829 (1984). In that case, there were several debtor corporations, which were subsidiaries of the debtor-in-possession, Cle-Ware Corporation. A distinct local rule in the Northern District of Ohio required separate counsel for both the debtor-in-possession and the debtor. Therefore, the bankruptcy judge appointed counsel for the debtor-in-possession as well as the debtor. Id. at 865-67. We concluded that the bankruptcy court erred in permitting the debtors to retain attorneys. Id. at 871. Despite this error, this court determined that all the attorneys should receive reasonable compensation for their services, provided they were not compensated for duplicative services. Id. at 879. Significantly, however, the Cle-Ware decision does not obligate a bankruptcy court to allow attorney's fees as a matter of right and, thus, is not controlling on the question now before us.
 
 
 6
 The bankruptcy court found that Peale's legal services benefited neither his client, James E. Cox, nor the estate. The district court affirmed the bankruptcy court's ruling, noting that "Peale instituted actions, and perpetuated their life, where it was clear that Cox could not gain more from the suits than he owed Peale." The district court further found that "Peale continued to litigate even after it became obvious that Cox would owe at least as much in back child support than he could gain from the wrongful death action." The record also indicates that Peale exaggerated the amount of work he did on behalf of Cox. Under 11 U.S.C. § 502, the bankruptcy court has broad discretion to disallow such claims. Katchen v. Landy, 382 U.S. 323, 329-30 (1966). Without this discretion, "there would be a proclivity on the part of professionals to engage in unwarranted and protracted work with the expectation of being compensated no matter how ineffective or unwarranted the endeavor." In re Garnas, 40 B.R. 140, 142 (Bankr.N.D.1984). See also Rodriquez v. Bowen, 865 F.2d 739, 745 (6th Cir.1989) (en banc) (results and amount involved are factors for consideration).
 
 
 7
 The courts have held that failing to apply the appropriate legal standard under the Bankruptcy Code constitutes an abuse of discretion. Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 878 (11th Cir.1990). Nevertheless, given the facts in the record, we find that any error in this regard is harmless. See generally Tully Constr. Co., Inc. v. Cannonsburg Envtl. Assocs., Ltd. (In re Cannonsburg Envtl. Assocs.), 72 F.3d 1260, 1268 (6th Cir.1996). The district court ultimately disallowed Peale's claims based on factual findings in this regard that would be sufficient to bar them under 11 U.S.C. § 502(b)(4). For that reason, we AFFIRM the district court's denial of attorney's fees in this case.