**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0423n.06
Filed: June 22, 2006

**No. 05-1066**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: CALVIN ROBINSON | ) | |
| In re: MONICA ROBINSON | ) | |
| _____ | ) | |
| | ) | |
| STEPHEN A. THOMAS, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Plaintiff-Appellant, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| v. | ) | |
| | ) | |
| CALVIN ROBINSON, | ) | |
| MONICA ROBINSON, | ) | |
| | ) | |
| _____ | | |
| Defendants-Appellees. | | |

Before: SILER, BATCHELDER, and GIBBONS, Circuit Judges.

**PER CURIAM.** Appellant Stephen A. Thomas appeals from a final judgment of the district court affirming a bankruptcy court's order to disgorge attorney fees and a fee to re-file a bankruptcy petition. Thomas acted as legal counsel for appellees Calvin and Monica Robinson (the "Robinsons") in Chapter 7 proceedings prior to filing a motion to withdraw from the case.[1] Thomas did not comply with the bankruptcy rules requiring that a creditor matrix and bankruptcy petition be filed together and, as a result, the bankruptcy court dismissed the Robinsons' Chapter 7 petition. Thomas belatedly re-filed the case and argued that he had submitted the matrix as required, but there was no conclusive proof in the record of timely filing. In addition, he did not request leave to

_____

[1]The Robinsons did not file a brief before this court.

1

belatedly file the creditor matrix. The bankruptcy court ordered disgorgement of a $200 re-filing fee and $300 in attorney fees, which was half of the total attorney fee of $600. This court is to review whether the bankruptcy court's disgorgement of attorney fees was an abuse of discretion and whether the bankruptcy court's reasoning is a permissible basis to order disgorgement. *Mapother & Mapother v. Cooper (In re Downs)*, 103 F.3d 472, 478 (6th Cir. 1996).

There was no error or abuse of discretion because Thomas did not offer to file a fee application, request leave to file a fee application, or object in any manner after his motion to withdraw was granted and his fees were ordered disgorged. Moreover, Thomas cannot show that the district court abused its discretion by ordering disgorgement of fees for unnecessary work. We AFFIRM.

## FACTS

In 2003, Thomas filed a Chapter 7 bankruptcy petition on the Robinsons' behalf. The petition, however, did not include a creditor mailing matrix as required by Local Bankruptcy Rule 1007-2. The bankruptcy court then mailed a notice to Thomas ordering correction within eight days from September 19, 2003. Thomas did not request leave to file a belated matrix and did not file the matrix in the allotted time.[2] Thomas asserts that he filed the matrix on September 29, 2003, 10 days late. Thus, pursuant to Local Bankruptcy Rule 1007-1(d), the case was dismissed.

On March 1, 2004, Thomas filed a motion to reopen the Robinsons' bankruptcy petition. In the interim, the relationship between Thomas and the Robinsons had deteriorated. On March 23,

---

[2]Thomas argues that the matrix was filed on September 29, 2003. The bankruptcy court stated that it had no record showing filing of a matrix. The district court stated that there was nothing to support the filing of a matrix on September 29, 2003. Likewise, on appeal, there is no definitive proof that the matrix was timely filed.

2004, Thomas filed a motion to withdraw as counsel. The bankruptcy court held a hearing on his motion to withdraw on April 19, 2004 and granted it. At the same hearing, the Robinsons requested that the $800 paid to Thomas be returned and the bankruptcy court agreed that he must disgorge a portion of those fees. The court reasoned that if Thomas had complied with the rules and filed a matrix with the petition, the dismissal and subsequent events would not have occurred. The district court affirmed the bankruptcy court's ruling, although the substance of the order affirming is conspicuously absent from Thomas's Joint Appendix. In his appeal to the district court, Thomas argued that (1) "The Bankruptcy Court erred in ordering Stephen A. Thomas to personally refund the filing fee"; and (2) "the Bankruptcy Court erred in ordering Stephen A. Thomas to refund attorney's fees without a fee application and hearing."

## ANALYSIS

This is not the sort of fee case a bankruptcy court routinely handles. Nevertheless, we review a district court's conclusions of law in a bankruptcy appeal *de novo*. *See Holland v. Star Bank, N.A.* (*In re Holland*), 151 F.3d 547, 548 (6th Cir. 1998). The bankruptcy court's initial factual findings, however, are reviewed by both the district court and by this court only for clear error. *In re Brinley*, 403 F.3d 415, 418 (6th Cir. 2005). A bankruptcy court is afforded broad discretion in determining attorney's fees. 11 U.S.C. § 330(a); *Peale v. Miller*, 1996 WL 690158, at *1 (6th Cir. Nov. 27, 1996) (per curiam). In addition, a bankruptcy court is afforded great discretion in fashioning an appropriate sanction that will not be disturbed unless a clear abuse of discretion is found. *In re Downs*, 103 F.3d at 478 (citing *In re Arlan's Dep't Stores*, 615 F.2d 925, 943 (2d Cir. 1979)).

Specifically, the standard of review in this case governs the bankruptcy court's discretion to order disgorgement of fees for violation of the bankruptcy rules. The bankruptcy statute permits

3

a court to return any fees paid to an attorney "if such compensation exceeds the reasonable value of any such services." 11 U.S.C. § 329. The bankruptcy code also provides that the bankruptcy court may award to a debtor's attorney "reasonable compensation for actual, necessary services rendered." *Id.* § 330(a)(1). In order for the services of a debtor's attorney to be "necessary," they must benefit the debtor's estate. *In re Gibbs-Inman Co.,* 1997 WL 267586, at *1 (6th Cir. May 19, 1997) (citing, *e.g.*, *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th Cir.1993)). Pursuant to 11 U.S.C. § 330(a)(4)(A), a court shall not allow compensation for "unnecessary duplication of services."

On appeal Thomas argues: (1) the bankruptcy court abused its discretion by not providing a hearing or allowing him to file a fee application; and (2) the district court erred by personally requiring him to refund the filing fee. "An attorney in a bankruptcy proceeding has an affirmative duty to disclose fully and completely all fee arrangements and payments." *In re Kisseberth*, 273 F.3d 714, 720 (6th Cir. 2001) (citing *In re Plaza Hotel Corp.*, 111 B.R. 882, 883 (Bankr. E.D.Cal. 1990)). There is no indication that Thomas was denied the right to fully disclose all fee arrangements or to show entitlement to greater compensation. Indeed, since the issue to be heard was Thomas's motion to withdraw as counsel, it would be logical for counsel to anticipate that fees might be at issue.

The burden of proof on all issues under 11 U.S.C. § 329 is on the attorney and it is the attorney's burden to come forward with the appropriate proof, such as the fee schedule, to establish that the fee is reasonable. *See In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998). Thomas's counsel did not request a separate hearing, a continuance, or request leave to file a fee request. The opportunity to file a fee application should not be considered denied unless counsel requests leave

to file the application. *In re Harsbarger*, 66 F.3d 775, 777 n. 3 (6th Cir. 1995) ( "appellate courts are not to address issues not raised for the first time in the trial court.") (citation omitted). Even if Thomas's argument was preserved, the award of fees was not an abuse of discretion.

The next question we must address is whether the bankruptcy court may order a refund of the re-filing fee. Thomas cites no authority preventing the bankruptcy court from ordering a return of the $200 filing fee to his clients where the original case was dismissed for failure to include a creditor matrix. He asserts that it was not an expense or included in the fees already paid him, and that forced him to take a personal financial loss of $355 for the filing fees and a total loss of $655 with the disgorgement of his fees. His loss does not show that the bankruptcy court's decision was clear error and does not demonstrate that the bankruptcy court's finding that the work was unnecessary was clearly erroneous.

Thomas's final contention is that the "district court's finding that the record did not support Appellant's contention that the matrix was filed on September 29, 2003, is clear error as the matrix is number 2 on the designation of record." The creditor matrix included within the record does not show a filing date or have a filing stamp affixed. Therefore, it does not show conclusive proof of anything other than its inclusion in the record before this court. Moreover, even if the creditor matrix was filed on September 29, 2003, such filing would still be untimely and the ruling that the matrix was not filed with the bankruptcy petition as required by the rules would remain unchallenged.

AFFIRMED.