In re Gina M. HENKEL, Debtor.

No. 08–19655.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

July 24, 2009.

Susan M. Gray, Susan M. Gray Attys. &
Counselors at Law, Rocky River, OH, for
Debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy
Judge.

This matter is before the Court upon the
motion of the United States Trustee (the
"UST") to review attorney fees, cancel fee
agreement and order fees returned to the
Debtor ("Debtor"), pursuant to 11 U.S.C.
§ 329(b). The motion is opposed by the
Debtor's counsel, Susan Gray, Esq. ("At-
torney Gray"), and is also opposed, pur-
portedly, by the Debtor. Core matter ju-
risdiction is acquired under 28 U.S.C.
§ 1334 and General Order No. 84 of this

District. Following the conclusion of a duly noticed hearing and consideration of the record, the following conclusions of law and findings of fact are hereby rendered:

\*

The Debtor, Gina M. Henkel, caused to be filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 9, 2008. Earlier, on July 30, 2007, the Debtor and her husband, James F. Henkel, met with Attorney Susan Gray for consultation regarding their financial problems. At such meeting, the Debtor executed a fee retainer agreement (Exh. 4) with Attorney Gray for legal services. It was determined that a Chapter 7 petition would be filed only by the Debtor, as opposed to a joint filing by both husband and wife. Subsequently, the subject contested matter was filed by the UST to obtain judicial review of the attorney fees, cancellation of the fee agreement, and disgorgement of fees paid to Debtor's counsel.

\* \*

The Court must determine whether inappropriate conduct has occurred to warrant granting of the relief sought.

\* \* \*

In support of his motion, the UST contends that: (1) the Debtor's case was filed containing deficiencies which resulted in the Debtor's appearance at several § 341 meetings of creditors, thereby causing delays in the case's administration; and (2) counsel's fees appear to have been charged excessively for services rendered. In response, the Debtor's counsel categorically refutes the UST's contentions and those made by the panel trustee, Richard Baumgart, Esq. ("Attorney Baumgart").

\* \* \* \*

Section 329 of the Code authorizes the Court's review of existing fee agreements between a debtor and the debtor's counsel for reasonableness. It provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. § 329.

Section 330 of the Code authorizes the Court to determine the reasonable compensation of professionals employed by the estate.

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C. § 330.

Under § 329, a bankruptcy court is authorized to review fees received by a debtor's attorney, whether or not the attorney applies for compensation pursuant to § 330. *11 U.S.C. § 329(a)*. See, also, *Rittenhouse v. Eisen*, 404 F.3d 395, 397 (6th Cir.2005). Further, a bankruptcy court may review any payment made to an attorney for representing a debtor in connection with a bankruptcy proceeding regardless of the source of payment. *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 719 (6th Cir.2001). If the Court determines the compensation received exceeds the reasonable value of services rendered, the Court may cancel the fee agreement or order a return of the amount that is excessive. *11 U.S.C. § 329(b)*.

\* \* \* \* \*

Generally, the burden of proof in this contested matter is upon the movant, who must carry the burden of proof by a preponderance of the evidence standard. However, in an attorney fee dispute under the Bankruptcy Code, the "burden of proof on all issues under 11 U.S.C. § 329 is on the attorney and it is the attorney's burden to come forward with the appropriate proof ... to establish that the fee is *reasonable*." *In re Robinson*, 189 Fed.Appx. 371, 374 (6th Cir.2006) (citing *In re Geraci*,

138 F.3d 314, 318 (7th Cir.1998) (emphasis added)).

* * * * * *

*Fee Retainer Agreement:*

The subject fee retainer agreement, a one-page document, was executed on July 30, 2007 between the Debtor and Attorney Gray. *Inter alia,* the parties agreed to a "minimum fee of $1,101.00 to cover legal fees for services rendered or to be rendered ..." (emphasis added). In addition to the required legal fee, the retainer agreement obligates the Debtor to pay the Court's filing fee. Said agreement further provided a scope of legal services to be rendered under the "disclosed retainer." Notwithstanding those provisions, additional language in the retainer agreement provides unequivocally:

> The above-disclosed retainer is *expected* to be sufficient to pay in full for all of the foregoing legal services, and *usually* does. However, I wish to emphasize that my hourly rate of *$200.00/hour* is applicable at *all* times. (Emphasis added).

Exh. 4, Fee Retainer Agreement.

A letter, dated August 12, 2008, written by Attorney Gray to the Debtor and her husband, indicated, in part, that the legal work performed on the case had far exceeded the initial amount quoted to them. A reason given for the extra work was specified therein. (See Exh. B). Moreover, the Debtor clearly acknowledged her awareness of her counsel's $200.00 prevailing hourly rate. (Debtor, Direct). She further acknowledged her receipt of an August 2008 invoice from her attorney which provided a detailed billing. Ultimately, she asserts therein her satisfaction with Attorney Gray's services rendered.

Although the fee retainer agreement's language is not a paragon of clarity, its terms, however, are sufficient to show that the disclosed dollar figure was stated minimally and that it was subject at all times to a billable hourly rate of $200.00. The agreement also provides adequately that the disclosed retainer was addressable to work activities described therein. The total fee paid by the Debtor to her attorney ($2,559.00) was paid without reservation and with the Debtor's acknowledged satisfaction. (Debtor, Direct). Accordingly, no persuasive evidence has been adduced by the UST to warrant cancellation of the subject fee retainer agreement.

The testimony of the Debtor was generally credible. She is a homemaker and was last employed eight years ago. Her non-filing husband was employed in 2006, 2007 and was last employed in 2008. At the time of this evidentiary hearing, neither the Debtor nor her husband was employed. (Debtor, Direct).

The attorney fees paid to her counsel were negotiated fees. Although she and her husband believed that their initial fee agreement of $1,101.00 was the total fee to be charged, they later understood differently. (Debtor, *Id.;* See Exh. B). She does not dispute the accuracy of her attorney's invoice and believes the fees paid were fair and reasonable. (*Id.*).

The testimony of the case trustee, Attorney Baumgart, was generally credible. His examination of the Debtor during the § 341 meetings of creditors revealed that the Debtor was a homemaker and had no income. Her non-filing husband was last employed in December 2008. The Debtor's petition schedules (Exhs. 2–13, 2–15 and 2–18) show her non-debtor husband's scheduled debts. Further, the petition schedule, Exh. 2–20, shows no co-debtor obligations, although there clearly were co-debtor obligations. (See Exhs. 2–8, 2–15 and 2–18).

The case trustee testified that purported pay advices were filed on behalf of the Debtor's non-filing husband. No pay advices were filed on behalf of the Debtor. He further testified that certain information contained in the Debtor's Statement of Financial Affairs was presented falsely. (See Exh. 2–25). Specifically, the relevant inquiry requested certain income data of the Debtor. Rather, the income information provided therein was clearly that of the Debtor's non-filing husband. Further, the trustee observed that the fee data contained in the retainer agreement (Exh. 4) did not match the fee information requested on the Disclosure of Compensation form (Exh. 2–36). (Baumgart, Direct).

Notwithstanding the foregoing findings, the propriety or "good faith" of a petition filing is always before the Court. The evidence adduced herein shows, unrefutedly, that a considerable amount of consultation occurred between the Debtor and her husband with their counsel prepetition. (See, Affidavit of Attorney Gray). Ultimately, upon advice of counsel, a single debtor petition was filed on behalf of the Debtor, Gina M. Henkel, only. Under penalty of perjury, the petition and its attendant schedules were prepared and signed by Debtor and her counsel and were filed with this Court. As such, both the Debtor and her counsel were patently aware that: (1) both knew with certainty that the pay advices submitted were those of someone other than the Debtor's; (2) the income information provided in the Debtor's Statement of Financial Affairs was not the Debtor's but, rather, was that of her husband (Exhs. 2–25); (3) that the petition schedules reflect her husband's income information as opposed to the Debtor's; and lastly (4) the petition schedules show certain of her husband's debts, several of which were not jointly owed by Debtor. At no time prior to the commencement of this evidentiary hearing has the Debtor cause any petition schedule amendments to be filed in regard to these discrepancies.

 At best, these noted findings reflect careless preparation by an experienced counsel in the preparation of the official bankruptcy documents. At worse, the Debtor and her counsel, conceivably, have perpetuated a fraud upon the Court. Upon these findings, petition schedule amendments are to be made immediately, but no later than five (5) days from entry of this Order and Judgment, addressing each deficiency noted above. Further, fee disgorgement in the amount of $1,500.00 is hereby ordered to be made forthwith upon Debtor's counsel. Such amount is to be remitted by counsel immediately to the Clerk of Court for further transfer to the Debtor.

### Conclusion

Accordingly, the motion of the UST is hereby granted, in part, and is hereby denied, in part, as determined herein. The Debtor's objection is sustained, in part, and is overruled, in part. Each party is to bear its respective costs.

IT IS SO ORDERED.

### JUDGMENT

In Cleveland, in said District, on this 24th day of July, 2009.

**A Memorandum Of Opinion And Order having been rendered by this Court in this matter.**

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the United States Trustee's motion to review attorney fees, cancel fee agreement and order fees returned to the Debtor pursuant to 11 U.S.C. § 329(b) is hereby granted, in part, and denied, in part. The Debtor's objection is sustained, in part, and is overruled,

in part. Each party is to bear its respective costs.

**IT IS SO ORDERED.**